Anthony J. Ellrod, Esq. (SBN 136574)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Email: aje@manningllp.com

Kenneth S. Kawabata, Esq. (SBN 149391)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
550 West "C" Street, Suite 1900
San Diego, CA 92101
Tel: (619) 515-0269
Fax: (619) 515-0268
Email: ksk@manningllp.com

Attorneys for Defendant, NATIONAL STRENGTH
AND CONDITIONING ASSOCIATION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation, <br><br> Defendant. | Case No.: 14CV1191 JLS (KSC) <br><br> **ANSWER TO COMPLAINT** |

COMES NOW, Defendant, National Strength and Conditioning Association ("NSCA"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), false advertising pursuant to California Business & Professions Code § 17500, unfair competition pursuant to California Business & Professions Code § 17200, and declaratory relief, and states as follows:

///

## PRELIMINARY STATEMENT

1. NSCA admits that it published a purported study referenced in paragraph 1, but denies each and every remaining allegation contained in paragraph 1.

2. NSCA admits that it is part of the fitness industry, but denies it and Plaintiff, CrossFit, Inc., are competitors, nor does NSCA promote a fitness "model," as alleged in paragraph 2. NSCA denies the remaining allegations in paragraph 2.

3. NSCA lacks knowledge or information sufficient to form a belief as to the background of Plaintiff, CrossFit, Inc. NSCA denies the remaining allegations in paragraph 3.

4. As to the first two sentences of paragraph 4, NSCA lacks knowledge or information sufficient to form a belief as to their truth. NSCA denies the remaining allegations contained in paragraph 4.

5. NSCA admits that the referenced study by Steven T. Devor appeared in the Journal of Strength & Conditioning Research ("JSCR") and the listed results in paragraph 5 are what was reported. NSCA lacks knowledge or information sufficient to form a belief as to whether or not what was asserted by Mr. Devor was correct.

6. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. NSCA denies the allegation set forth in paragraph 7.

8. NSCA denies the allegation that it uses false advertising and unfair competition to attack Plaintiff's business model. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

## PARTIES

9. NSCA lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 9.

10. NSCA admits the allegations in paragraph 10.

## JURISDICTION AND VENUE

11. NSCA admits that the Complaint lists the Causes of Action referenced in paragraph 11.

12. The allegations in paragraph 12 are argument and conclusions of law and therefore require no response.

13. The allegations in paragraph 13 are argument and conclusions of law and therefore require no response.

14. The allegations in paragraph 14 are argument and conclusions of law and therefore require no response.

## GENERAL ALLEGATIONS

A. **NSCA's Lucrative Personal Training Certification Business**.

15. NSCA generally admits the allegations in paragraph 15, except that it disagrees that it "promulgates" standards for physical training. NSCA reports such standards.

16. NSCA admits the allegations in paragraph 16, except that it disputes the allegation that it has nearly 30,000 members; NSCA consists of approximately 24,000 members.

17. NSCA admits the allegations in paragraph 17.

18. NSCA admits the allegations in paragraph 18.

19. NSCA admits the allegations in paragraph 19, except that the certifications occur every three years, not two years.

20. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. NSCA denies the allegations in paragraph 21.

22. NSCA admits that it publishes scientific, peer-reviewed journals. NSCA denies the remaining allegations in paragraph 22.

23. NSCA denies the allegations in paragraph 23.

24. NSCA denies the allegations in paragraph 24.

25. NSCA admits the allegations in paragraph 25.

26. NSCA admits the allegation in the first sentence of paragraph 26. NSCA denies the remaining allegation in paragraph 26.

**B.      Cross-Fit's Competing Trainer Certification Business.**

27. NSCA denies the allegations in paragraph 27.

28. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

**C.      NSCA, Through JSCR, Publishes False CrossFit Injury Data.**

34. NSCA admits the allegations in paragraph 34.

35. NSCA admits the allegations in paragraph 35.

36. NSCA admits it published the Devor study, but lacks knowledge or information sufficient to form a belief as to whether or not Dr. Devor is an ASCM fellow.

37. NSCA admits the allegations in paragraph 37.

38. NSCA admits the allegations in paragraph 38.

39. NSCA denies the allegations in paragraph 39 insofar as the referenced study speaks for itself.

///

40. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. NSCA denies the allegations in paragraph 41 insofar as the referenced study speaks for itself. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the second sentence contained in paragraph 41.

42. NSCA denies the allegations in paragraph 42 insofar as the referenced study speaks for itself.

43. NSCA denies the allegations in paragraph 43 insofar as the referenced study speaks for itself.

44. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. NSCA denies the allegations in paragraph 48 insofar as the referenced study speaks for itself.

**D.  CrossFit Has Confirmed the Falsity of the Devor Study's Data, But Refuse to Correct Their Data or Explain It.**

49. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

///

52. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

E. **NSCA Continues to Attack CrossFit's Alleged Injury Risk Despite the Absence of Any Scientific Support**.

53. NSCA denies allegations in paragraph 53.

54. NSCA denies the allegations in paragraph 54.

55. NSCA admits only that the JSCR posted in the "published-ahead-of-print" section of its website in an article referred to as the "Hak study" referenced in paragraph 55. However, NSCA denies any implication that the article was intended to portray CrossFit as dangerous or otherwise discredit CrossFit.

56. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. NSCA denies the allegations in paragraph 57.

F. **False Data Published by NSCA Has Caused Harm to CrossFit**.

58. NSCA denies the allegations in paragraph 58.

59. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63. NSCA denies the allegations in paragraph 63.

///

///

## FIRST CLAIM FOR RELIEF

### False Advertising (15 U.S.C. § 1125(a))

64. NSCA reasserts and realleges its responses to paragraphs 1-63, above, as it fully sets forth herein and incorporates the same herein by reference.

65. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 65. As to the remaining allegations in paragraph 65, they are argument and conclusions of law and therefore require no response.

66. NSCA admits the allegations in paragraph 66.

67. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69.

70. NSCA denies the allegations contained in paragraph 70.

71. NSCA denies the allegations contained in paragraph 71.

72. NSCA denies it made false, misleading, and/or deceptive statements of fact. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72.

73. NSCA denies the allegations contained in paragraph 73.

74. NSCA denies the allegations contained in paragraph 74.

75. NSCA denies the allegations contained in paragraph 75.

### SECOND CLAIM FOR RELIEF

### False Advertising (California Business & Professions Code § 17500)

76. NSCA reasserts and realleges its responses to paragraphs 1-75 above, as fully set forth herein and incorporate the same herein by reference.

///

77. NSCA denies the allegations contained in paragraph 77.

78. NSCA denies the allegations contained in paragraph 78.

79. NSCA denies the allegations contained in paragraph 79.

80. NSCA denies it made false, misleading, and/or deceptive statements of fact. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80.

81. NSCA denies the allegations contained in paragraph 81.

## THIRD CLAIM FOR RELIEF

## Unfair Competition (California Business & Professions Code § 17200)

82. NSCA reasserts and realleges it responses to paragraphs 1-81 above, as fully set forth herein and incorporate the same herein by reference.

83. NSCA denies the allegations contained in paragraph 83.

84. NSCA denies the allegations contained in paragraph 84.

85. NSCA denies the allegations contained in paragraph 85.

## FOURTH CLAIM FOR RELIEF

## Declaratory Relief (F.R.C.P. 57; U.S.C. §§ 2201, 2202)

86. NSCA reasserts and realleges it responses to paragraphs 1-85 above, as fully set forth herein and incorporate the same herein by reference.

87. The allegations in paragraph 87 are argument and conclusions of law and therefore require no response.

88. NSCA denies the allegations contained in paragraph 88.

89. NSCA denies the allegations contained in paragraph 89.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

///

///

## Second Affirmative Defense

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

## Third Affirmative Defense

Plaintiff's claims are barred by the Doctrine of Estoppel.

## Fourth Affirmative Defense

Plaintiff's claims are barred by the Doctrine of Laches.

## Fifth Affirmative Defense

Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith and for vexatious reasons for the purpose of harassing Defendant. Accordingly, Defendant is entitled to attorney's fees and other appropriate costs and expenses.

## Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part, or its recoverable damages should be reduced, because it failed to take reasonable steps to minimize damages.

## Seventh Affirmative Defense

If Plaintiff is damaged, as alleged, which is not admitted, such damages resulted in whole or in part from Plaintiff's actions or actions by third parties for which Defendant is not responsible.

## Eighth Affirmative Defense

The Complaint, and each and every claim for relief therein, is barred because Plaintiff lacks standing as to each and every claim for relief as against Defendant.

## Ninth Affirmative Defense

As to the claims under the Business & Professions Code, Plaintiff fails to state a proper claim for relief in that Plaintiff has not suffered injury-in-fact.

## Tenth Affirmative Defense

The Complaint, and each and every claim for relief therein, is barred because Defendant's conduct is protected by the First Amendment to the Constitution of the United States.

### Eleventh Affirmative Defense

Plaintiff's claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including, but not limited to, the Due Process Clause, and the Fifth, Sixth and Eighth Amendments.

### Twelfth Affirmative Defense

Plaintiff's claim for punitive damages against the NSCA is invalid in that no officer, director or managing agent of the NSCA had advanced knowledge of the acts complained of, nor did any such person act with the conscious disregard for the rights of Plaintiff nor authorize, ratify or otherwise approve said acts of oppression, fraud or malice as alleged in the Complaint.

### Thirteenth Affirmative Defense

This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as-yet unstated, affirmative defenses. This answering Defendant reserves herein the right to assert additional affirmative defenses in the event discovery indicates to do so would be appropriate.

In answering Plaintiff's prayers for relief, the NSCA denies that Plaintiff is entitled to damages of any kind, costs, attorney's fees, interest, injunctive relief, equitable relief, restitution, and/or declaratory relief of any sort whatsoever.

WHEREFORE, the NSCA prays for relief as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff be required to pay Defendant's costs, expenses, and reasonable attorney's fees in connection with this action; and

///

///

3.   That Defendant has such other, further, and different relief as this Court deems just and proper.

Dated: June 17, 2014            **MANNING & KASS,**
                                **ELLROD, RAMIREZ, TRESTER** LLP


                                By: _____/s/Kenneth S. Kawabata_____
                                     Anthony J. Ellrod, Esq.
                                     Kenneth S. Kawabata, Esq.
                                Attorneys for Defendant, NATIONAL
                                STRENGTH AND CONDITIONING ASSOC.

## DEMAND FOR JURY TRIAL

Defendant, NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, hereby demands trial of this matter by jury.

Dated: June 17, 2014

**MANNING & KASS,**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _/s/ Kenneth S. Kawabata_
     Anthony J. Ellrod, Esq.
     Kenneth S. Kawabata, Esq.
Attorneys for Defendant, NATIONAL STRENGTH AND CONDITIONING ASSOC.

*Crossfit, Inc. v. National Strength and Conditioning Association*
United States District Court Case No.: 14CV1191 JLS (KSC)

## PROOF OF SERVICE

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

    I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 550 West C Street, Suite 1900, San Diego, California 92101. On June 17, 2014, I served the document described as follows:

### ANSWER TO COMPLAINT

☒    **VIA ELECTRONIC FILING SERVICE**: Complying with Local Rule 5.4(a) mandatory electronic filing, my electronic business address is wrd@manningllp.com I caused such document(s) to be electronically served through the CM/ECF system for the above-entitled case to those parties on the Service List maintained on the CM/ECF website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on June 17, 2014 at San Diego, California.

WENDY DENTON

D:\DOCSDATA\KSK\Crossfit v. NSCA\WRD DISTRICT COURT POS.wpd