LATHAM & WATKINS LLP
   Daniel Scott Schecter (Bar No. 171472)
   *daniel.schecter@lw.com*
355 South Grand Avenue
Los Angeles, California  90071-1560
Telephone:  (213) 485-1234
Facsimile:   (213) 891-8763

LATHAM & WATKINS LLP
   David F. Kowalski (Bar No. 265527)
   *david.kowalski@lw.com*
12670 High Bluff Drive
San Diego, California  92130
Telephone:  (858) 523-5400
Facsimile:   (858) 523-5450

LATHAM & WATKINS LLP
   Blair Connelly (Bar No. 174460)
   *blair.connelly@lw.com*
   William O. Reckler (pro hac vice)
   *william.reckler@lw.com*
   Paul A. Serritella (pro hac vice)
   *paul.serritella@lw.com*
885 Third Avenue
New York, New York 10022-4834
Telephone:  (212) 906-1200
Facsimile:   (212) 751-4864

Attorneys for Plaintiff CrossFit, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation,<br><br>           Defendant. | **CASE NO.  14cv1191-JLS(KSC)**<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>Judge:    The Honorable Janis L. Sammartino<br><br>           The Honorable Karen S. Crawford |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

PLAINTIFF'S REPLY MEMORANDUM OF
POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF JOINT MOTION

Defendant's Memorandum in Opposition raises no new points of law or fact that would weigh against granting Plaintiff's motion to compel.[1] Defendant's sole argument appears to be that CrossFit, Inc. has not established any need for the names of peer reviewers. Of course, CrossFit, Inc. is not obligated to do so; rather, the NSCA bears the burden of showing that it is entitled to withhold the information. Moreover, the NSCA continues to misconstrue the relevance of the peer reviewers, and to simply assert the peer reviewers' independence and neutrality as though its own assertion irrefutably proves the point and does away with the need for further discovery. But Defendant cannot wish away the need for discovery by simply asserting that its position is correct.

Defendant apparently now concedes that there is no privilege over the names of the peer reviewers, and rather seeks to convince the Court that it should nevertheless allow the continued redaction of that information. Defendant argues that "it has become clear in this litigation that NSCA did not author the disputed Devor Article…. Thus, CrossFit is grasping at straws, claiming that NSCA can be held liable for false statements in the Devor Report by merely picking reviewers who were not truly independent." Opp. at 7. Each component of that argument is false.

First, whether the NSCA *authored* the Devor Article is irrelevant, because the NSCA *published* the Devor article – and did so while on notice of its falsity. CrossFit, Inc. alleges that the NSCA published the false statements to harm its competitor in the marketplace, and it is entitled to seek discovery to support that claim.

---

[1] CrossFit, Inc. notes that Defendant's separate submission of briefing is not contemplated by the Court's Rules regarding joint discovery motions; CrossFit, Inc. respectfully submits this reply brief in order to address certain arguments and allegations of fact made in Defendant's untimely opposition brief.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

PLAINTIFF'S REPLY MEMORANDUM OF
POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF JOINT MOTION

Second, it is not at all "clear" that the NSCA did not "author," or at least cause the false statement in question to be included in, the Devor Article. As CrossFit, Inc. set out in its opening brief, correspondence arising out of the editing process indicates the NSCA was directly responsible for the inclusion of false injury data in the Devor Article. *See* Plaintiff's Mem. In Support at 3. No such comments were included in the original draft, and the NSCA's editors were heavily involved in their inclusion in the published version.

Third, Defendant entirely misconstrues the present argument. CrossFit, Inc. does not assert that the mere selection of biased reviewers is sufficient to give rise to a Lanham Act or unfair competition claim. Rather, the publication of false information is a necessary element of CrossFit, Inc.'s claims, and the existence of bias in the peer review process and the NSCA's manipulation of that process help explain how and why the false information was published. CrossFit, Inc. believes that the NSCA intentionally selected reviewers it knew were hostile to CrossFit, and who would therefore be more likely to push for the inclusion of harmful statements in the article. The documents already produced show that the NSCA's editors repeatedly pushed for the inclusion of such information. There is no doubt that a trier of fact would find the NSCA's cherry-picking of peer reviewers to "[have] a tendency to make a fact more… probable" in determining whether the NSCA was responsible for the erroneous content of the Devor Article, and that it did so to injure its competitor. Fed. R. Evid. 401.

Finally, the peer reviewers are themselves percipient witnesses who are likely to have additional information about the inclusion of the false data in the Devor Article.

Defendant appears equally confused as to its own prior assertion of the peer review process as a defense in this case, stating, "if [the peer reviewers'] lack of independence does not give rise to a claim, then how can their independence be a defense?" Opp. at 8. CrossFit, Inc. agrees that even a neutral peer review process

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

PLAINTIFF'S REPLY MEMORANDUM OF
POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF JOINT MOTION

would not shield the NSCA from liability for publishing false statements about its competitor. But in any event, that is not the standard: a fact need not be outcome-determinative to be admissible at trial, let alone discoverable. Moreover, it is the NSCA, not CrossFit, Inc., who has repeated talismanically that it cannot be found liable because the JSCR is supposedly an independently peer-reviewed journal. CrossFit, Inc. is entitled to test that defense – whether or not it has legal merit. And, again, the independence of the peer review process (or lack thereof) is likely to affect the views of the trier of fact as to whether the NSCA is responsible for the content of the Devor Article, whether the NSCA published it to harm its competitor, and the NSCA's overall credibility.

Defendant concludes by asserting that rather than taking the testimony of the peer reviewers, CrossFit, Inc. should instead depose Dr. and Mrs. Kraemer about the peer review process. However, a defendant is not entitled to dictate the order and manner in which its adversary conducts discovery. Nor is a plaintiff required to accept the defendants' testimony at face value. Nor should CrossFit, Inc. be required to depose the Kraemers twice. The normal, and vastly more efficient, process is to obtain the relevant information *before* taking the depositions. If nothing else, that would allow CrossFit to develop information in advance of the depositions so that the questioning will be more productive. There is simply nothing in the federal rules that obligates CrossFit, Inc. to litigate with one hand tied behind its back against the party that knowingly published false and competitively harmful statements about it.

The *Solarex* case cited by Defendant at length does not alter this analysis. *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163 (E.D.N.Y. 1988). *Solarex* addressed a request for non-party discovery regarding the peer review of an article that was *rejected* for publication, subsequently published elsewhere, and allegedly relevant to an analysis of prior art in a patent case. *See id.* at 165. In that case, the court plainly struggled with the supposed relevance of the information being

sought, finding Defendant's assertions "wholly speculative." *Id.* at 177. Here, however, discovery is sought from a party, is directly relevant both to Plaintiff's claims and to Defendant's principal defense, and is supported already by existing document discovery. Further, despite Defendant's claims to the contrary, much of the policy support cited by the *Solarex* court for its decision, such as considerations of academic "peer review" privilege and editorial "First Amendment" privilege, has been significantly weakened by the Supreme Court's subsequent decision in *University of Pennsylvania,* as well as its progeny. Compare *Solarex*, 121 F.R.D. at 171-74 (describing first amendment and peer review protections as analogous) with *Univ. of Penn. v. E.E.O.C.*, 493 U.S. 182, 197 (1990) (rejecting peer review and first amendment arguments).[2] Defendant's purported case law support simply does not hold water.

       Defendant's arguments as to discovery of the Kraemer's compensation fail for the same reasons. The compensation paid to the editors is not *prima facie* evidence of liability, but it does establish the economic connection between the editorial staff, who are employed as consultants, and the NSCA itself. Defendant, strangely, cites to authority on the discoverability of a party's "financial condition or net worth." 6-26 Moore's Fed. Prac. – Civ. § 26.41(8). However, the present inquiry is unrelated to the NSCA's financial condition. As the authority cited by CrossFit, Inc. in its main brief provides, discovery of employee salary information is permissible, including for purposes of showing bias. *See Bite Tech, Inc. v. X2 Biosys., Inc.*, No. C12-1267-RSM, 2013 WL 1855754, at *3 (W.D. Wash. Apr. 30, 2013; *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-1519, 2005 WL 6429128, at *1 (D.N.J. Aug. 3, 2005). That is presumably why Defendant's

---

[2] Even *Solarex* noted the Supreme Court's rejection of first amendment privilege when discovery is sought from a party in defamation matters. *See id.* at 172 (citing *Herbert v. Lando*, 441 U.S. 153 (1979)). While the present case arises under statutory law rather than common law principles of defamation, the need to establish falsity of published materials is the same.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

PLAINTIFF'S REPLY MEMORANDUM OF
POINTS AND AUTHORITIES IN FURTHER
SUPPORT OF JOINT MOTION

1  counsel initially agreed to produce the information during the meet and confer
2  process, before reneging on that promise.

3      CrossFit, Inc., respectfully submits that these issues were first raised *three
4 months ago* in Defendant's initial responses and objections, and already briefed in
5  the parties' first joint motion.  Defendant has had more than enough time to collect
6  whatever evidence and legal authority it wished in support of its arguments against
7  discoverability.  Despite that lengthy opportunity, Defendant has shown no reason
8  why CrossFit, Inc. should be precluded from testing its defense or prosecuting its
9  claims.  It is clear at this point that the NSCA is merely stalling, knowing that
10 every day that goes by without the false Devor Article being corrected is another
11 day that its competitor will be harmed.  It has gone on for long enough.  CrossFit,
12 Inc. respectfully submits that Defendant's arguments are without merit and should
13 be rejected, and that Defendant should be compelled to provide discovery as
14 requested in the joint motion without further delay.

      Dated: November 13, 2014

                    LATHAM & WATKINS LLP

                    By:   /s/ Paul A. Serritella
                          Paul A. Serritella
                          (*pro hac vice*)

                          885 Third Avenue
                          New York, New York 10022-4834
                          Telephone:  (212) 906-1200
                          Facsimile:  (212) 751-4864
                          *paul.serritella@lw.com*

                          *Counsel for Plaintiff CrossFit, Inc.*

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CROSSFIT, INC., v. NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,

District Court Case No. 14-cv-1191-JLS(KSC)

I, Paul A. Serritella, hereby certify that I am over the age of eighteen and not a party to the within action; I am employed by Latham & Watkins LLP in the County of New York at 885 Third Avenue, New York, New York 10022.

On November 13, 2014, I served the document below described as :

**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

The document(s) was/were served by the following means:

- **BY ELECTRONIC TRANSMISSION VIA NEF:** I hereby certify that I electronically filed the foregoing document(s) with the Clerk of Court using the CM/ECF system, which sent Notifications of Electronic Filing to the persons at the e-mail addresses listed immediately below. Accordingly, pursuant to the Court's Local Rule 5.4(c), I caused the document(s) to be sent electronically to the persons listed immediately below.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on November 13, 2014 at New York, New York.

      /s/ Paul A. Serritella

      Paul A. Serritella

# SERVICE LIST

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CROSSFIT, INC., v. NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,

District Court Case No. 14-cv-1191-JLS(KSC)

MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP

Kenneth S. Kawabata

ksk@manningllp.com

550 West C Street

Suite 1900

San Diego, CA 92101

Telephone:  (619) 515-0269

Facsimile:   (619) 515-0268

Anthony J. Ellrod

aje@manningllp.com

801 S Figueroa St.

Los Angeles, CA 90017

Telephone:  (213) 624-6900

Facsimile:   (213) 624-6999