1 | LATHAM & WATKINS LLP
       Daniel Scott Schecter (Bar No. 171472)
2 |    *daniel.schecter@lw.com*
   355 South Grand Avenue
3 | Los Angeles, California 90071-1560
   Telephone: (213) 485-1234
4 | Facsimile: (213) 891-8763

5 | LATHAM & WATKINS LLP
       David F. Kowalski (Bar No. 265527)
6 |    *david.kowalski@lw.com*
   12670 High Bluff Drive
7 | San Diego, California 92130
   Telephone: (858) 523-5400
8 | Facsimile: (858) 523-5450

9 | LATHAM & WATKINS LLP
       Blair Connelly (Bar No. 174460)
10|    *blair.connelly@lw.com*
       William O. Reckler (pro hac vice)
11|    *william.reckler@lw.com*
       Paul A. Serritella (pro hac vice)
12|    *paul.serritella@lw.com*
   885 Third Avenue
13| New York, New York 10022-4834
   Telephone: (212) 906-1200
14| Facsimile: (212) 751-4864

15| Attorneys for Plaintiff CrossFit, Inc.

16|

17| MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP
       Kenneth S. Kawabata (Bar No. 149391)
18|    *ksk@manningllp.com*
   550 West C Street, Suite 1900
19| San Diego, California 92101
   Telephone: (619) 515-0269
20| Facsimile: (619) 515-0268

21| MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP
       Anthony J. Ellrod (Bar No. 136574)
22|    *aje@manningllp.com*
23| 801 S Figueroa St., 15th Floor
   Los Angeles, California 90017
24| Telephone: (213) 624-6900
   Facsimile: (213) 624-6999

25|

26| Attorneys for Defendant National Strength & Conditioning Association

27|

28|

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation,<br><br>        Defendant. | **CASE NO. 14cv1191-JLS(KSC)**<br><br>**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>Judge:    The Honorable Janis L. Sammartino<br><br>            The Honorable Karen S. Crawford<br><br>Courtroom:  4A |

Pursuant to the Chamber Rules and Civil Pretrial Procedures of the Honorable Karen S. Crawford (the "Chamber Rules"), Plaintiff CrossFit, Inc. ("CrossFit, Inc." or "Plaintiff") hereby petitions the Court for resolution of certain discovery disputes arising out of Defendant National Strength and Conditioning Association's ("NSCA" or "Defendant") responses and objections (and first and second supplemental responses and objections) to Plaintiff's Requests for Production and First Interrogatories, the responses and objections to document subpoenas on the NSCA's agents Dr. William Kraemer, Joan Kraemer and N.

Travis Triplett (collectively, the "Responses and Objections") and related productions of documents.[1]

## A. SCOPE OF REVIEW AND PRODUCTION

### (1) <u>Plaintiff's Contention – Defendant NSCA and its Agents Have Not Undertaken an Adequate Search for Responsive Documents.</u>

In June of this year, almost six months ago, Plaintiff CrossFit, Inc. served its initial requests for production and interrogatories on the Defendant in this case. *See* Serritella Decl. Exs. 1-2. In the course of extensive meet and confer sessions regarding Defendant's general objections, it became clear that Defendant did not actually object to the majority of Plaintiff's requests.[2] That makes sense, as Plaintiff's requests were limited in duration and focused on the main issues in this case, such as the NSCA's view of CrossFit, Inc. as a competitor, CrossFit as an exercise regime, and the NSCA's publication of related articles. Plaintiff also served document subpoenas on the NSCA's editors that were similar in scope to the requests for production served on the NSCA, to ensure that CrossFit, Inc. received all responsive documents. These individuals (also represented by Manning Kass, the NSCA's counsel) did not object to the requests in substance.

Yet Defendant's production to date has been sparse, at best. Based on the fact that Defendant and its agents have only produced approximately 300 documents, there is good reason to think that its collection process has not located all responsive documents.[3] That logical conclusion is bolstered by the fact that

---

[1] For an analysis of the legal shortcomings of Defendant's productions, and a complete discussion of the factual and procedural background of this Motion, see Plaintiff's Memorandum of Points and Authorities and the Declaration of Paul A. Serritella filed herewith.

[2] Those matters in dispute have been raised to the Court in two Joint Motions for Resolution of Discovery Disputes, filed on November 3 and November 17.

[3] This count is approximate, as Defendant produced multiple documents in single files, making unitization difficult. Further, it appears that Defendant's total production includes a significant number of duplicate copies of the same documents.

Defendant's initial production excluded several known documents, such as communications from CrossFit, Inc. to the NSCA, or documents related to the NSCA's consideration of other articles about CrossFit. After Plaintiff raised the sufficiency of Defendant's production efforts, Defendant committed to re-collecting and produce responsive documents. But even after the NSCA and its agents have made supplemental productions, they have still collectively produced only a handful of emails and supporting documents.

Discussions with Manning Kass, counsel for the NSCA and its agents, has revealed that the document collection process was flawed. Counsel placed its trust in non-attorney employees to determine whether they possessed responsive documents, to search their own email and document repositories, and to collect information (such as the editorial history of relevant articles) from third-party custodians. *See* Serritella Decl. ¶ 22. Counsel has not verified that these searches were done diligently, let alone using proper techniques and tools. Further, counsel does not appear to have reviewed the productions that were made, detected inconsistencies with other productions or known facts (as set forth below), or pressed its client to resolve these inconsistencies.

These shortcomings further underscore the importance of counsel's failure to engage an e-discovery vendor or otherwise take forensically sounds steps to collect and preserve native documents, as noted in the parties' November 17 Joint Motion. *See* Joint Motion (Dkt. No. 30) at 3-4. Doing so would not only have allowed Defendant to comply with the Court's order regarding the form in which electronic documents must be produced, but it would also have imposed a level of rigor on the collection and review process. Simply put, Defendant did not collect full email archives from an appropriately selected group of custodians likely to have responsive documents, and it did not use a proven tool to apply relevant search terms and date filters uniformly to such a population of documents. Had counsel done so, it then would have been able to review a culled set of materials that would

likely contain documents responsive to CrossFit, Inc.'s document requests. Such a process is absolutely standard in commercial litigation. It is, in fact, the process followed by CrossFit, Inc. in this matter.[4]

The impact of Defendant's failure to follow generally accepted practices for collecting and producing documents is reflected not only in the pitifully small number of documents the NSCA and its agents have produced, but also in their failure to produce documents that undoubtedly exist. For example:

- A CrossFit, Inc. representative sent an email to the NSCA on May 23, 2013 pointing out the falsity of the data contained in the Devor Article sent. *See* Serritella Decl. Exs. 18-19. Emails discussing this communication are responsive to – at least – RFP Nos. 2 (all documents concerning to CrossFit) and 7 (all documents concerning the Devor Study). Yet the NSCA at first did not locate and produce that email at all (although it comes from the CrossFit.com domain). When Plaintiff inquired in a meet-and-confer why the May 23 email itself hadn't been produced – let alone any internal correspondence about it –Defendant produced just two internal email chains attaching the email. Putting aside the implausibility of the NSCA having only two emails discussing an accusation that its journal published a study containing false data, the two documents themselves reveal that other responsive documents exist. Each of the documents is a chain of emails sent to multiple recipients. At

---

[4] Defendant notes that CrossFit, Inc., has not yet produced documents in this matter. However, CrossFit, Inc. did not receive the NSCA's discovery requests until September 10, 2014 – almost three months after Plaintiff served its requests. Since then, CrossFit, Inc. retained an electronic discovery vendor to collect and process electronic documents. After the vendor ran search terms on approximately 2,500,000 documents that it collected, counsel reviewed over 15,000 for responsiveness and privilege. Responsive, non-privileged documents are now being processed for production pursuant to the standards set out in the Court's electronic discovery order, and CrossFit, Inc. anticipates producing documents prior to December 24, 2014. *See* Serritella Decl. ¶ 24.

the very least, there should be copies of the individual emails that constitute each of the chains.

- The NSCA has not produced documents and communications relating to the Hak Article (other than the article itself), which would be responsive to Plaintiff's RFP No. 23.  Although the RFP clearly relates to "all documents and communications concerning" the article, and although the parties specifically discussed the need to produce the editorial history as part of the meet and confer process, the NSCA did not produce these documents.  The NSCA has subsequently stated that the editorial history materials are in the possession of its printer, and that it is working to obtain them.  As an initial matter, the NSCA's printer is its agent, and such documents are therefore well within its possession, custody, and control.  Moreover, the printer was not disclosed in Defendant's Initial Rule 26 disclosures as a custodian of relevant documents.  Finally, it is implausible that every single document concerning the Hak Article would be in the printer's possession, and that the NSCA and its Journal of Strength and Conditioning Research would not possess a single responsive email.

- Counsel has not produced personal emails from N. Travis Triplett, one of the Devor Article editors (along with the Kraemers), stating that all of her responsive documents are stored on the "Editorial Manager" system.  Counsel has represented that it conferred with Ms. Triplett and that she has no responsive emails; it also produced a statement (apparently from Ms. Triplett) that she does not have any communications related to the Devor Article or Study.  However, Defendant also produced emails from Ms. Kraemer copied to "triplttnt@appstate.edu."  Serritella Decl. Ex. 17.  Thus, it appears that Ms. Triplett was sent responsive documents and did not perform an adequate search for them.  Although CrossFit has now

      obtained the documents sent to Ms. Triplett by Ms. Kraemer, the fact that Ms. Triplett did not locate them raises the question of what other documents she may not have located.

- Counsel has not produced any documents and communications for Dr. William Kraemer or his wife, Joan Kraemer, related the CHAMP Study and paper. *See* Serritella Decl. ¶ 18. It has failed to do so notwithstanding the fact that Dr. Kraemer was a co-author of the CHAMP paper. Such documents would relate to RFPs No. 2 (documents related to CrossFit) and 22 (documents related to the CHAMP paper), among others, and the Kraemer document subpoenas. Counsel has represented that it has produced all responsive documents from Dr. and Ms. Kraemer. However, third-party productions and communications indicate that there was an extensive email traffic – including emails to and from Dr. Kraemer – regarding the drafting of the CHAMP paper.

      While in its response below Defendant makes much of the fact that it is in the process of obtaining Editorial Manager files, that is a red herring. Such files will not remedy Defendant's deficient production. Even if the Editorial Manager actually does contain all communications generated during the editing process, Defendant cannot with a straight face claim that it would contain all responsive documents. Documents unrelated to the editorial process would not be stored in the Editorial Manager. Such materials would include email communications about CrossFit in general and how the NSCA views CrossFit, Inc. as a competitor, communications prior to the inception of an Editorial Manager file for a given article, and communications about CrossFit, Inc.'s notice to the NSCA that the Devor Article contained falsified data. Further, Defendant does not explain the six month delay in seeking the Editorial Manager files.

      CrossFit therefore respectfully requests that this Court compel the NSCA and its agents to undertake a comprehensive review of its documents, overseen by

counsel and with full transparency as to which resources are being collected, and which search terms are being used, to ensure that no documents responsive to the Requests for Production (and subpoenas on the individual editors) have been missed.

**(2)** <u>Defendant's Response</u>

Upon service of the Demand for Production of Documents by plaintiff CrossFit, counsel for the defendant NSCA undertook the extensive task of evaluating the propriety of the various requests, and determining whether applicable objections and privileges applied. Counsel for the NSCA, who is based in San Diego, conferred with its client, the NSCA, which is based in Colorado, to address each of the specific requests set for in the Demand and to develop the tasks to search for, collect, and provide to counsel all documents responsive to the requests. Counsel and the NSCA engaged in extensive exchanges of information and conferences to determine the scope of the universe of documents which potentially could be responsive. The same process was utilized to obtain cooperation from the Kraemers (who were based in Connecticut) and Ms. Triplett (who is based in North Carolina) with regards to the Rule 45 subpoenas. (See Declaration of Kenneth S. Kawabata, Para. 2]

The NSCA itself was not involved in the editorial process for the manuscript submission by the Devor Article authors (nor for submissions of any other manuscripts). All communications related to the editorial process are set forth in the Editorial Manager, which is a web-based system over which the NSCA has no proprietary interest. Thus, the NSCA itself cannot access the documents housed within the Editorial Manager. For example, no one at the NSCA can use a user name and password to access the communications related to any of the manuscript editorial processes. The NSCA must rely on the editors for its Journal for access. In responding to the Demand for Production of Documents, the NSCA obtained the Editorial Manager through the editors for the JSCR. [See Kawabata Declaration,

Para. 3].

At this stage, the NSCA is in the process of completing its meet and confer with CrossFit in order to produce documents so as to comply with the ESI Order. The NSCA has recently obtained the cooperation of the publisher of the JSCR (an entity separate and apart from the NSCA) to obtain the communications within the Editorial Manager in a native format so as to comply with the ESI Order. The NSCA expects to achieve compliance shortly. It should be noted that while CrossFit has served its written response to the NSCA's Demand for Production of Documents, CrossFit has not served its documents; counsel for CrossFit has advised that it is still going through the documents and no documents have been produced by CrossFit. [See Kawabata Declaration, Para. 4].

Respectfully submitted,

Dated: December 18, 2014

| LATHAM & WATKINS LLP | MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP |
|---|---|
| By: ___/s/ Paul A. Serritella____<br>Paul A. Serritella<br>(*pro hac vice*)<br><br>885 Third Avenue<br>New York, New York 10022-4834<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>paul.serritella@lw.com<br><br>*Counsel for Plaintiff CrossFit, Inc.* | By: ___/s/ Kenneth S. Kawabata _<br>Kenneth S. Kawabata<br>(Bar No. 149391)<br><br>550 West C Street, Suite 1900<br>San Diego, CA 92101<br>Telephone: (619) 515-0269<br>Facsimile: (619) 515-0268<br>ksk@manningllp.com<br><br>*Counsel for Defendant National Strength & Conditioning Association* |

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the Defendant and that I have obtained authorization from Kenneth S. Kawabata to affix his electronic signature to this document.

                        ____/s/ Paul A. Serritella___
                               Paul A. Serritella

# PROOF OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CROSSFIT, INC. v. NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,

District Court Case No. 14-cv-1191-JLS(KSC)

I, Paul A. Serritella, hereby certify that I am over the age of eighteen and not a party to the within action; I am employed by Latham & Watkins LLP in the County of New York at 885 Third Avenue, New York, New York 10022.

On December 18, 2014, I served the document below described as:

**JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

The document(s) was/were served by the following means:

- **BY ELECTRONIC TRANSMISSION VIA NEF:** I hereby certify that I electronically filed the foregoing document(s) with the Clerk of Court using the CM/ECF system, which sent Notifications of Electronic Filing to the persons at the e-mail addresses listed immediately below. Accordingly, pursuant to the Court's Local Rule 5.4(c), I caused the document(s) to be sent electronically to the persons listed immediately below.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 18, 2014 at New York, New York.

            ____/s/ Paul A. Serritella____
                Paul A. Serritella

# SERVICE LIST

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

CROSSFIT, INC. v. NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,

District Court Case No. 14-cv-1191-JLS(KSC)

MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP

Kenneth S. Kawabata

ksk@manningllp.com

550 West C Street

Suite 1900

San Diego, California 92101

Telephone:  (619) 515-0269

Facsimile:   (619) 515-0268

Anthony J. Ellrod

aje@manningllp.com

801 S Figueroa St., 15th Floor

Los Angeles, California 90017

Telephone:  (213) 624-6900

Facsimile:   (213) 624-6999