15 JAN 23 AM 8:06

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation,<br><br>Defendant. | CASE NO. 14cv1191-JLS(KSC)<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND DATES [Doc. No. 33]**<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On January 13, 2015, the parties filed a Joint Motion to Extend Discovery Dates. [Doc. No. 33.] For the reasons stated in the parties' Joint Motion and for good cause shown, the parties' Joint Motion is GRANTED. Accordingly,

IT IS HEREBY ORDERED THAT:

1. All fact discovery shall be completed by all parties on or before ***July 17, 2015***. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with**

**Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the affected portion of the deposition. In any case, the event giving rise to a discovery dispute is not the date on which counsel reach an impasse in meet and confer efforts. If the discovery dispute concerns written discovery requests, the parties shall submit a joint statement entitled, "Joint Motion for Determination of Discovery Dispute" with the Court. (For further information on resolving discovery disputes, see Judge Crawford's "Chambers' Rules" which are accessible via the Court's website at www.casd.uscourts.gov.) **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.**

    2.    The parties shall designate their respective experts in writing by ***August 17, 2015***. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be on or before ***August 31, 2015***. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

    3.    On or before ***October 2, 2015***, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This

///

///

disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

  4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) on or before ***October 16, 2015***.

  5. All expert discovery shall be completed by all parties on or before ***November 16, 2015***. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

  6. Please be advised that failure to comply with discovery deadlines or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

  7. A Mandatory Settlement Conference shall be conducted on ***December 14, 2015*** at ***9:30 a.m.*** in the chambers of Magistrate Judge Karen S. Crawford, United States Courthouse, 333 West Broadway, Suite 1010, San Diego, California 92101. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than ***December 2, 2015***. **All parties are ordered to read and to fully comply with the settlement conference procedures set forth in Judge Crawford's Chambers Rules** which are accessible via the Court's website at www.casd.uscourts.gov.

  8. All other pretrial motions must be filed on or before ***January 25, 2016***. Counsel for the moving party must obtain a motion hearing date from the law clerk of the District Judge who will hear the motion. The period of time between the date you request a hearing for your motion and the hearing date set by the law clerk may vary from one District Judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

  9. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) on or before ***April 28, 2016***.

10. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before *April 28, 2016*. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before *May 5, 2016*. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rules of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). On or before *May 12, 2016*, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned District Judge on or before *May 19, 2016*, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of **Judge Sammartino** on *May 26, 2016* at **1:30 p.m**.

15. A post trial settlement conference before a Magistrate Judge may be held within 30 days of verdict in the case.

///

1  16. The dates and times set forth herein will not be modified except for good
2  cause shown.
3  17. Briefs or memoranda in support of or in opposition to any pending motion
4  shall not exceed twenty-five (25) pages in length without leave of a District Court
5  Judge. No reply memorandum shall exceed ten (10) pages without leave of a District
6  Court Judge. Briefs and memoranda exceeding ten (10) pages in length shall have a
7  table of contents and a table of authorities cited.
8  18. All other terms and conditions of the Scheduling Order filed October 3,
9  2014 [Doc. No. 24] shall remain in full force and effect.
10  **IT IS SO ORDERED.**
11  Date: _Jan 22_, 2014

KAREN S. CRAWFORD
United States Magistrate Judge