LATHAM & WATKINS LLP
   Daniel Scott Schecter (Bar No. 171472)
    *daniel.schecter@lw.com*
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
   David F. Kowalski (Bar No. 265527)
    *david.kowalski@lw.com*
12670 High Bluff Drive
San Diego, California 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450

LATHAM & WATKINS LLP
   Blair Connelly (Bar No. 174460)
    *blair.connelly@lw.com*
   William O. Reckler (pro hac vice – N.Y. Bar No. 4154894)
    *william.reckler@lw.com*
   Paul A. Serritella (pro hac vice – N.Y. Bar No. 4408613)
    *paul.serritella@lw.com*
885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Attorneys for Plaintiff CrossFit, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation,<br><br>            Defendant. | **CASE NO. 14cv1191-JLS (KSC)**<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ELEMENT OF FALSITY**<br><br>Judge:    The Honorable Janis L. Sammartino<br><br>Hearing date:    April 2, 2015 at 1:30 p.m.<br><br>Courtroom:    4A |

# TABLE OF CONTENTS

Page

I. CROSSFIT, INC. HAS MET ITS BURDEN UNDER RULE 56 AND THE NSCA HAS NOT SHOWN THE EXISTENCE OF ANY GENUINE ISSUES OF FACT FOR TRIAL ................................................................................2

    A. CrossFit, Inc. Is Not Required to Move On Every False Statement ...................3

    B. The NSCA's Evidentiary Arguments Are Misplaced......................................4

        1. The Study Coordinator's Information May Be Considered....................4

        2. The Test Data Spreadsheets Are Admissible......................................5

    C. The NSCA's Speculation About The Evidence Does Not Meet Its Burden Under Rule 56..........................................................................6

    D. Even Without the Study Coordinator's Email and OSU Spreadsheets, CrossFit, Inc. Has Met Its Burden Under Rule 56 ......................9

II. THERE IS NO BASIS FOR ADDITIONAL DISCOVERY ...................................10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Abara v. Altec Indus.*,
 838 F. Supp. 2d 995 (E.D. Cal. 2011) ................................................................. 3

*AT&T Corp. v. MRO Commc'ns, Inc.*,
 1999 U.S. App. LEXIS 32515 (9th Cir. Dec. 13, 1999) ..................................... 4

*Beard v. Banks*,
 548 U.S. 521 (2006) ............................................................................................ 3

*CertainTeed Corp. v. Seattle Roof Brokers*,
 2010 U.S. Dist. LEXIS 64410 (W.D. Wash. June 28, 2010) ............................. 3

*Discenzo v. Hardin Trucking*,
 2014 U.S. Dist. LEXIS 136508 (S.D. Cal. Sept. 26, 2014) ................................ 2

*Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*,
 353 F.3d 1125 (9th Cir. 2004) .......................................................................... 10

*Hughes v. United States*,
 953 F.2d 531 (9th Cir. 1992) .............................................................................. 4

*Nakamura v. City of Hermosa Beach*,
 2008 U.S. Dist. LEXIS 109294 (C.D. Cal. Dec. 19, 2008) .............................. 10

*Neighborhood Assistance Corp. of Am. V. First One Lending Corp.*,
 2012 U.S. Dist. LEXIS 67950 (C.D. Cal. May 15, 2012) .................................. 3

*Nelson v. Pima Cmty. Coll.*,
 83 F.3d 1075 (9th Cir. 1996) .............................................................................. 7

*Ortega v. San Diego Police Dep't*,
 2014 WL 6388488 (S.D. Cal. Nov. 14, 2014) .................................................... 6

*Ramsey v. Cardtronics USA*,
 2012 WL 1674252 (S.D. Cal. 2012) ................................................................. 10

## RULES

Fed. R. Civ. P. 56 ..................................................................................................... 1, 10

Fed. R. Civ. P. 56(c)(1)(A) ............................................................................................ 2

Fed. R. Civ. P. 56(d) ................................................................................................... 10

Fed. R. Evid. 803(5)..................................................................................................5

Fed. R. Evid. 803(6)..................................................................................................5

CrossFit, Inc.'s Motion seeks judgment on a straightforward issue as to which there is no genuine issue of material fact: the falsity of the Devor Article's statement that nine of eleven Devor Study participants dropped out and failed to complete the second round of testing due to "overuse or injury." CrossFit, Inc. met its initial Rule 56 burden on that issue by presenting sworn declarations from the participants who completed testing at the beginning of the Devor Study but failed to complete the second round of testing at the end, stating that they did not fail to complete the study due to overuse or injury. With that initial burden satisfied, it is now the NSCA's burden to identify a disputed issue of material fact on this issue that would preclude summary judgment.

The NSCA has not even attempted to meet its burden of production, arguing instead that CrossFit, Inc. failed to meet its own initial burden. Those arguments fall flat. First, the NSCA argues that CrossFit, Inc. is not entitled to summary judgment because it did not prove the falsity of an entirely different statement that was not the subject of the Motion. The law does not require CrossFit, Inc. to do so. With respect to the statement that *is* at issue in the Motion, the NSCA relies on meritless evidentiary arguments that do not even apply at this stage. The NSCA also argues, in circular fashion, that the declarants cannot possibly be the people referenced in the Article, because then the Article would be wrong. That, of course, is the point. The NSCA's speculation that the evidence might be inaccurate does not suffice to meet its burden under Rule 56.

Finally, almost a year into this case, the NSCA makes a procedurally defective request for a delay so that it can take more than sixty depositions without any showing that such discovery will actually refute this Motion. This, too, does not satisfy the NSCA's burden. The Court should reject the NSCA's transparent attempt to prolong the harm it has caused, and continues to cause, through its demonstrably false statements. Partial summary judgment is warranted.

## I. CrossFit, Inc. Has Met Its Burden Under Rule 56 And the NSCA Has Not Shown The Existence Of Any Genuine Issues of Fact for Trial

CrossFit, Inc. has shown that there is no genuine dispute as to any material fact regarding the falsity of the Devor Article's "overuse or injury" statistic. It offered declarations and documentary evidence identifying the twelve Devor Study participants that did not complete the second round of testing, and declarations from ten of the twelve stating that they were not injured, and that they never reported otherwise. (Dkt No. 38-1 at 8.) That shifts the burden to the NSCA "by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, [to] designate *specific facts* showing there is a genuine issue for trial." *Discenzo v. Hardin Trucking*, No. 13-cv-512 (BAS), 2014 U.S. Dist. LEXIS 136508, at *4 (S.D. Cal. Sept. 26, 2014) (emphasis added, quotation omitted).

The NSCA concedes it has *no* evidence that nine Devor Study participants were hurt. (*See* Dkt. No. 42 at 2.) Rather, the NSCA responds to Undisputed Facts 5-14 (that the declarants did not drop out of the Devor Study due to overuse or injury) by arguing that it "is unable at this time to present facts that would allow it to dispute [them]." (Dkt. No. 42-1, Def.'s Resps. 5-14.) The NSCA also purports to "dispute" Undisputed Fact 4—the identities of the participants whose test data was not used in the study—by claiming it is based on inadmissible hearsay. (Dkt. No. 42-1 at 2.)[1] Those efforts fall well short of Rule 56's requirement that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . *citing to particular parts of materials in the record* . . . ." Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). Because the NSCA "does not 'specifically controvert duly supported facts identified in the movant's statement of undisputed material facts,'" it is deemed to have admitted them. *Abara v. Altec Indus., Inc.*,

---

[1] As discussed below, the NSCA's evidentiary arguments (a) do not apply at the summary judgment stage, and (b) are unfounded. More fundamentally, raising an evidentiary objection does not create a "dispute" that requires a trial.

838 F. Supp. 2d 995, 997-98 (E.D. Cal. 2011) (quoting *Beard v. Banks*, 548 U.S. 521, 527 (2006)).

Rather than attempting to meet its own burden, the NSCA attempts to discredit CrossFit, Inc.'s proof. Its efforts fail.

### A.  CrossFit, Inc. Is Not Required to Move On Every False Statement

The NSCA argues that CrossFit, Inc. has not met its burden because it did not offer proof of falsity with respect to *both* of the false statements identified in the Complaint. (Dkt. No. 42 at 5.) However, a Lanham Act plaintiff does not need to show that *every* challenged statement is false to obtain partial summary judgment. *See CertainTeed Corp. v. Seattle Roof Brokers*, No. C09-563, 2010 U.S. Dist. LEXIS 64410, at *33-37 (W.D. Wash. June 28, 2010) (granting a "partial summary judgment victory" without finding that two of the five alleged false statements were false as a matter of law); *see also Neighborhood Assistance Corp. of Am. v. First One Lending Corp.*, No. 12-463, 2012 U.S. Dist. LEXIS 67950, at *33 (C.D. Cal. May 15, 2012) (allowing a Lanham Act claim where "even if these *two* statements are not misleading, such a finding does not refute Plaintiff's allegations that numerous other statements are misrepresentations").

CrossFit, Inc. moved for partial summary judgment on the falsity of the Devor Article's statement that 16% of the participants failed to complete the Devor Study due to overuse or injury. While the Court must consider that statement in its full context, including the statement regarding so-called "emerging reports of increased [injury] rates" in high intensity training programs, (Dkt. No. 38-3, Ex. A at 7), there is simply no legal basis for the NSCA's claim that CrossFit, Inc. must prove that both statements are independently false to obtain summary judgment.[2]

---

[2] The NSCA professes concern that "if this Court were to grant this motion, it would . . . necessarily be finding that the second statement [on which CrossFit, Inc. has not moved] was false [].". (Dkt. No. 42 at 5.) That of course is not the case.

### B. The NSCA's Evidentiary Arguments Are Misplaced

The NSCA argues that the OSU documents showing by participant number which participants completed the first but not second round of testing, and the email from the study coordinator identifying the names for those participant numbers, are inadmissible. However, for summary judgment, the question is not whether the evidence is presently in a form that would be admissible at trial. Rather, it is sufficient that the information conveyed could be presented in some admissible form at trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (affirming grant of summary judgment based on a hearsay affidavit because "[w]hile the facts underlying the affidavit must be of a type that would be admissible as evidence, the affidavit itself does not have to be in a form that would be admissible at trial") (internal citation omitted); *see also AT&T Corp. v. MRO Commc'ns, Inc.*, No. 98-17348, 1999 U.S. App. LEXIS 32515, at *4 (9th Cir. Dec. 13, 1999) (same). Both documents meet that standard.

#### 1. *The Study Coordinator's Information May Be Considered*

The NSCA does not dispute that ▮ served as the study coordinator, and that she knew the names and participant numbers of the study participants. Nevertheless, it argues that ▮ offered inadmissible hearsay by referencing a document *that she wrote at the relevant time* containing the names of the participants as an exhibit, rather than re-typing those names into the body of her declaration. This argument entirely ignores the fact that ▮ declaration incorporates the contents of the email by reference by describing the contents of the email as "a list that matches up each participant's name with that person's participant number." (Dkt. No. 38-3, Ex. D ("▮") at ¶ 4.) ▮ could competently testify to these facts at trial, and her declaration and the accompanying exhibit are therefore sufficient evidence for purposes of the Motion.

▮ declaration further demonstrates that she could establish the

4

email as a recorded recollection subject to the FRE 803(5) hearsay exception. The declaration demonstrates her ability to testify about her role as the study coordinator, her assignment of participant numbers to each participant, and her maintenance of that data. The contents of the email, and her testimony based upon it, would be admissible on that basis as well. *See* Fed. R. Evid. 803(5) (excluding from hearsay a record that "is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately," "was made or adopted by the witness when the matter was fresh in the witness's memory," and "accurately reflects the witness' knowledge").[3]

### 2. *The Test Data Spreadsheets Are Admissible*

The NSCA also objects to the spreadsheets attached to Dr. Smith's declaration, arguing that he "never states that these exhibits were among the documents produced by Ohio State University." (Dkt. No. 42 at 6.) That is irrelevant: whether those documents were included in OSU's production has nothing to do with whether they are what Dr. Smith says they are.[4] The NSCA also argues that Dr. Smith does not "state these exhibits were created as part of the Devor Study." (*Id.*) To the contrary, Dr. Smith's declaration states that the first exhibit is a spreadsheet "reflecting test data gathered as part of the Devor Study," and that it "contains the data that was collected both before and after the fitness program being studied." It states that the second exhibit is "part of a Microsoft Excel workbook that contains multiple spreadsheets showing different calculations

---

[3] The email could also be admitted as a business record under FRE 803(6), as ▓▓▓▓ declaration shows that it was drafted at or near the time, by someone with knowledge, as a regular practice in the course of a regularly conducted activity. Further, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. O to the Second Decl. of Paul A. Serritella ("Smith Dep.") 198:14-21.)

[4] In any event, the NSCA has a copy of OSU's production and can easily confirm that they were produced.

5

CASE NO. 14-CV-1191 JLS (KSC)

performed with the data." (Dkt. No. 38-3, Ex. C ("Smith Decl.") ¶¶ 6-7.) There is no need for further precision. *See Ortega v. San Diego Police Dep't*, No. 13 Civ. 0087-LAB, 2014 WL 6388488, at *2 n.3 (S.D. Cal. Nov. 14, 2014) ("It's hard to imagine why [a] declaration identifying each document as 'a true and correct copy' of what it purports to be should not be enough to authenticate them.")

Finally, the NSCA argues that these exhibits are not admissible under the business records exception to the hearsay rule. (Dkt. No. 42 at 6.) As discussed above, that is not pertinent at the summary judgment stage: what matters is whether the documents *could* be admitted at trial, and Dr. Smith could obviously lay the necessary foundation. In any event, the question is now moot: ▮

▮

(Smith Dep. 194:3-198:12.) ▮

▮ (Smith Dep. 52:1-53:8; 176:1-178:5; 198:14-21; 200:17-203:16.)

### C. The NSCA's Speculation About The Evidence Does Not Meet Its Burden Under Rule 56

Fifty-five participants completed the first round of testing. (*See* Exs. 1 and 2 to the Smith Decl.). The Devor Article's calculations use data from forty-three people (Dkt. No. 38-3, Ex. A at 4)—the exact number of participants for whom full second round of testing data is recorded in the study calculation spreadsheet. (Smith Decl. at Ex. 2.) Given that the Devor Article states that the nine injured participants failed to "finish follow-up testing," the supposedly injured participants must fall within the group of twelve participants for whom there are no second

round data calculations. ▓▓▓▓▓▓▓▓▓▓
(Smith Dep. 198:22-201:24.) Using the information provided by ▓▓▓▓ and
OSU, CrossFit, Inc. identified those individuals and their declarations establish the
falsity of the Devor Article's overuse or injury claim. ▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓ (Smith Dep. 202:4-203:16.)

The NSCA attempts to explain away this evidence by arguing that "there must be" an error in the list of names and participant numbers that ▓▓▓▓ provided. (Dkt. No. 42 at 8.) However, the NSCA has no facts whatsoever to support that argument—just tormented logic and speculation that there could be other injured participants. That is insufficient as a matter of law. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.")

The NSCA argues that the individuals referenced in the Devor Article's statement about injury dropouts must have a) been participants in The Challenge; b) failed to complete it; and c) not returned for follow-up testing. It then parses the declarations to argue that six of the ten declarants do not meet all three criteria and therefore are not the individuals referenced by the Article as injured. But that argument is circular: it assumes that the statement in the Article is accurate, and that the evidence must therefore be wrong. The NSCA cannot meet its burden by *assuming* the very thing it needs to prove.

The NSCA's arguments about the individual declarations also fail. First, the NSCA argues that two participants for whom the records show first round test data but not second (▓▓▓▓▓▓) could not be among the group of supposedly injured participants referenced by the Devor Article because they were trainers at the facility where The Challenge was conducted—not ongoing participants in The Challenge. (Dkt. No. 42 at 8.) However, both received Devor Study participant numbers (*see* ▓▓▓▓ at Ex. 1), both took part in the initial round of testing, and both were included in the initial list of fifty-five participants. (Smith Decl. at

7

CASE NO. 14-CV-1191 JLS (KSC)

Exs. 1 & 2; Dkt. No. 38-3, Exs. M, N.) The fact that they did not participate in The Challenge simply provides a non-injury explanation as to why they did not complete the second round of testing. It does not demonstrate that they were not among the group considered to be Study dropouts.

Similarly, the NSCA *admits* that one participant, ███████████, did not complete the second round of testing (Dkt. No. 42 at 8) but argues that because she completed The Challenge, she could not be among the group that the Devor Article says failed to complete the Study. However, the Article says that the supposedly injured subjects "fail[ed] to complete the program *and* finish follow up testing." She therefore qualifies as a member of the group referenced by the Article.

Finally, the NSCA argues that the three declarants who swore that they completed some or all testing but whose second round test data was not recorded in the final results (███████████) could not be in the referenced group because they returned for testing. (Dkt. No. 42 at 8) That again assumes the accuracy of the statement in the Devor Article. It also ignores that the second-round data annexed to the ███ declaration is missing from all of the spreadsheets that Dr. Smith swore were true and correct representations of the test data, and that ███ second-round data is missing from the spreadsheet of calculations. (*Compare* Dkt. No. 38-3, Ex. H at Ex. 1 *with* Smith Decl. at Exs. 1 & 2; *compare* Dkt. No. 38-3, Ex. H at Ex. 1 *with* Smith Decl. at Ex. 2.).[5] If the NSCA's speculation were correct, and these were not among the supposedly

---

[5] The NSCA does not challenge ███ and ███ declarations that they were injured *outside* of The Challenge and never told the Devor Study's authors of their injuries. Instead, the NSCA argues that their declarations leave open the possibility that they told "anyone else (who might then have conveyed that information to the article authors)." (Dkt. No. 42 at 9.) That is of course rank speculation that should not be credited. Moreover, as discussed in the Motion, any reliance by the NSCA on the Devor Article's use of the word "citing" is unfounded. The unambiguously false message conveyed by the Devor Article was that 16% of the study participants dropped out due to injuries from CrossFit—not just that they said they were injured. (Dkt. No. 38-1 at 14-15.)

"missing" subjects, then their data should be included among the forty-three subjects who attended the post-Challenge testing. It is not.

Even if these six declarants were *not* considered to be among the eleven supposed "dropouts," that would still leave four undisputed examples of subjects who affirmatively deny that they failed to test out due to injury or overuse—which by itself shows that the Devor Article's assertion of *nine* such individuals is false.[6]

Finally, the NSCA's speculation has also been rendered moot, as Dr. Smith has now been deposed and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Smith Dep. 194:3-204:9.)

### D. Even Without the Study Coordinator's Email and OSU Spreadsheets, CrossFit, Inc. Has Met Its Burden Under Rule 56

CrossFit, Inc. has still produced more than enough evidence to carry its burden even without regard to the study coordinator's email and the OSU documents. Seven of the ten declarations supporting the Motion state that the declarant completed the first round testing, but did not return for the second round, and that the declarant was not injured (Exs. E, F, J, K, L, M, N). That by itself satisfies CrossFit, Inc.'s initial burden under Rule 56 to show the falsity of the

---

[6] The NSCA acknowledges that two declarants (▓▓▓▓▓▓▓▓▓▓) could be in the group of supposedly injured athletes, but speculates that they "appear to be the two persons the article states 'cited time concerns' as their reason for not completing the program." (Dkt. No. 42 at 9.) Contrary to the NSCA's speculation, ▓▓▓▓▓▓ (Smith Dep. 60:9-61:9; 132:23-133:8; 133:24-134:13; 203:22-204:3.)

Article's statement that nine of the eleven individuals who did not return for follow-up testing were injured.[7]

## II. There Is No Basis For Additional Discovery

The NSCA's request for an extension is procedurally defective and falls short of meeting its Rule 56(d) burden. As a threshold matter, the NSCA did not make a motion for a continuance to conduct additional discovery, instead merely requesting it in its brief opposing the Motion. That is insufficient and grounds for rejecting the NSCA's request. *See Ramsey v. Cardtronics USA*, No. 11-CV-1511 (BEN), 2012 WL 1674252, at *5 (S.D. Cal. 2012) (A party "may not raise a request for relief under Rule 56(d) in an opposition brief.").

The NSCA also has not met its burden to specifically identify relevant information that would preclude summary judgment. *See Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004). The NSCA merely speculates about what evidence may theoretically exist, which is not enough. A party seeking relief under Rule 56(d) has an affirmative burden to demonstrate "that the information sought actually exists." *Id.* (citation omitted); *see Nakamura v. City of Hermosa Beach*, No. CV 06-06776 (SS), 2008 U.S. Dist. LEXIS 109294, at *29-30 (C.D. Cal. Dec. 19, 2008) (denying a Rule 56(d) request to go on a "fishing expedition").

Further, there is no basis to think that the individuals the NSCA seeks to depose would be able to controvert CrossFit, Inc's evidence. *See* Pl.'s Resp. to the Decl. of Steven J. Renick, submitted herewith.

**************

---

[7] Even if the two declarants who dropped out due to injuries unrelated to The Challenge are disregarded, CrossFit, Inc. has still identified five participants who dropped out for reasons wholly unrelated to overuse or injury and thereby meets its initial burden under Rule 56.

10

Respectfully submitted,

Dated: March 13, 2015

LATHAM & WATKINS LLP

By: _____
Paul A. Serritella
(*pro hac vice*)

885 Third Avenue
New York, New York 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: william.reckler@lw.com

*Counsel for Plaintiff CrossFit, Inc.*

# PROOF OF SERVICE
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CROSSFIT, INC., v. NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,

District Court Case No. 14-cv-1191-JLS(KSC)

I, Paul A. Serritella, hereby certify that I am over the age of eighteen and not a party to the within action; I am employed by Latham & Watkins LLP in the County of New York at 885 Third Avenue, New York, New York 10022.

On the 13th day of March, 2015, I served the document described as:

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ELEMENT OF FALSITY**

The document was served by the following means:

>**BY ELECTRONIC TRANSMISSION VIA NEF:** I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which sent Notifications of Electronic Filing to the persons at the e-mail addresses listed immediately below. Accordingly, pursuant to the Court's Local Rule 5.4(c), I caused the document to be sent electronically to the persons listed immediately below.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.

Executed on March 13, 2015 at New York, New York.

/s/ Paul A. Serritella
Paul A. Serritella

CASE NO. 14-CV-1101 JLS (KSC)

1

# SERVICE LIST
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

CROSSFIT, INC., v. NATIONAL STRENGTH AND CONDITIONING ASSOCIATION,

District Court Case No. 14-cv-1191-JLS(KSC)

MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP

Kenneth S. Kawabata

ksk@manningllp.com

550 West C Street

Suite 1900

San Diego, CA 92101

Telephone: (619) 515-0269

Facsimile: (619) 515-0268

Anthony J. Ellrod

aje@manningllp.com

801 S Figueroa St.

Los Angeles, CA 90017

Telephone: (213) 624-6900

Facsimile: (213) 624-6999