Tony J. Ellrod (State Bar No. 136574)
  *aje@manningllp.com*
Brandon K. Braga (State Bar No. 253233)
  *bkb@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Kenneth S. Kawabata (State Bar No. 149391)
  *ksk@manningllp.com*
**MANNING & KASS,**
**ELLROD, RAMIREZ, TRESTER LLP**
550 West C Street, Ste. 1900
San Diego, California 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268

Attorneys for Defendant NATIONAL STRENGTH AND CONDITIONING ASSOCIATION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation,,<br><br>Defendant. | Case No. 14CV1191 JLS KSC<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

COMES NOW, Defendant, National Strength and Conditioning Association ("NSCA"), by and through its undersigned counsel, hereby answers Plaintiff, CrossFit, Inc.'s ("CrossFit"), First Amended Complaint for false advertising under

the Lanham Act, 15 U.S.C. § 1125(a), false advertising pursuant to California Business & Professions Code § 17500, unfair competition pursuant to California Business & Professions Code § 17200, and declaratory relief, and trade libel and states as follows:

## PRELIMINARY STATEMENT

1. NSCA admits that it published a purported study referenced in paragraph 1, but denies each and every remaining allegation contained in paragraph 1.

2. NSCA admits that it is part of the fitness industry, but denies it and CrossFit are competitors, nor does NSCA promote a fitness "model," as alleged in paragraph 2. NSCA denies the remaining allegations in paragraph 2.

3. NSCA lacks knowledge or information sufficient to form a belief as to the background of CrossFit. NSCA denies the remaining allegations in paragraph 3.

4. NSCA denies the allegations contained in paragraph 4.

5. NSCA admits that the referenced study by Steven T. Devor appeared in the Journal of Strength & Conditioning Research ("JSCR") and the listed results in paragraph 5 are what was reported. NSCA denies the remaining allegations in paragraph 5.

6. NSCA denies the allegation that "report of a 16% "overuse or injury" rate is at best the result of sloppy and scientifically unreliable work, and at worst a complete fabrications." NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 6.

7. NSCA denies the allegation set forth in paragraph 7.

8. NSCA denies the allegation that it uses false advertising and unfair competition to attack CrossFit's business model or that it engaged in unlawful conduct. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

///

## PARTIES

9. NSCA admits the allegations in paragraph 9.

10. NSCA admits the allegations in paragraph 10.

## JURISDICTION AND VENUE

11. NSCA admits that the First Amended Complaint lists the Causes of Action referenced in paragraph 11; however, the First Amended Complaint also seeks a Cause of Action for Trade Libel.

12. The allegations in paragraph 12 are argument and conclusions of law and therefore require no response.

13. The allegations in paragraph 13 are argument and conclusions of law and therefore require no response.

14. The allegations in paragraph 14 are argument and conclusions of law and therefore require no response.

## GENERAL ALLEGATIONS

A. **NSCA's Lucrative Personal Training Certification Business**.

15. NSCA generally admits the allegations in paragraph 15, except that it disagrees that it "promulgates" standards for physical training. NSCA reports such standards.

16. NSCA admits the allegations in paragraph 16, except that it disputes the allegation that it has nearly 30,000 members; NSCA consists of approximately 24,000 members.

17. NSCA admits the allegations in paragraph 17.

18. NSCA admits the allegations in paragraph 18.

19. NSCA admits the allegations in paragraph 19, except that the certifications occur every three years, not two years.

20. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. NSCA denies the allegations in paragraph 21.

1  22.  NSCA admits that it publishes scientific, peer-reviewed journals. NSCA denies the remaining allegations in paragraph 22.

23.  NSCA denies the allegations in paragraph 23.

24.  NSCA denies the allegations in paragraph 24.

25.  NSCA admits the allegations in paragraph 25.

26.  NSCA admits the allegations in paragraph 26.

**B.    CrossFit's Competing Trainer Certification Business.**

27.  NSCA denies the allegations in paragraph 27 that CrossFit is a fitness company whose training methodology differs from that of NSCA and ACSM and that CrossFit's trainer certification program also competes with that of NSCA and ACSM. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 27.

28.  NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.  NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.  NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.  NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.  NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33.  NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

**C.    NSCA, Through JSCR, Publishes False CrossFit Injury Data.**

34.  NSCA admits the allegations in paragraph 34.

35.  NSCA admits the allegations in paragraph 35.

36.  NSCA admits it published the Devor study, but lacks knowledge or

information sufficient to form a belief as to whether or not Dr. Devor is an ASCM fellow.

37. NSCA admits the allegations in paragraph 37.

38. NSCA admits the allegations in paragraph 38.

39. NSCA admits the allegations in paragraph 39.

40. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. NSCA admits that the Devor study makes the statement regarding body fat percentage dropped by 3.7%. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41.

42. NSCA admits only that the Devor study makes the alleged statements referenced in paragraph 42.

43. NSCA admits only that the Devor study makes the alleged statements referenced in paragraph 43.

44. NSCA denies the allegations in paragraph 44.

45. NSCA denies the allegation that no member who tested in at the beginning of the ten week challenge ever cited "overuse or injury for failing to complete the program and finish follow up testing." NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. NSCA admits that CrossFit has contacted some of the participants who dropped out of the study. NSCA denies the remainder of the allegations contained in paragraph 47.

48. NSCA admits that the Devor Study states that "there are emerging reports of increased rates of musculoskeletal and metabolic injury" in CrossFit and

other rigorous workout regimens." NSCA further admits that Dr. Kraemer is an ACSM Fellow and JSCR Editor-in-Chief, and a co-author of the CHAMP/ACSM Paper. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 48.

### D. CrossFit Has Confirmed the Falsity of the Devor Study's Data, But Refuse to Correct Their Data or Explain It.

49. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. NSCA admits that Dr. Devor had a telephone conversation with Mr. Berger. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. NSCA admits that Dr. Devor sent an email to Mr. Berger indicating that Dr. Devor and Dr. Smith would not provide any further comment or explanation regarding the Devor Study. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 51.

52. NSCA admits that CrossFit has attempted to refute the data in the Devor Study and that CrossFit has published an article challenging the data in the Devor Study. NSCA further admits that it has not issued a retraction of the Devor Study, but denies the implication that it has failed to do so as it is not required to do so, nor is retraction justified in this instance (based on information available to NSCA at this time).

### E. NSCA Continues to Attack CrossFit's Alleged Injury Risk Despite the Absence of Any Scientific Support.

53. NSCA denies allegations in paragraph 53.

54. NSCA denies the allegations in paragraph 54.

55. NSCA admits only that the JSCR posted in the "published-ahead-of-print" section of its website in an article referred to as the "Hak study" referenced in

paragraph 55. However, NSCA denies any implication that the article was intended to portray CrossFit as dangerous or otherwise discredit CrossFit.

56. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. NSCA denies the allegations in paragraph 57.

F. **False Data Published by NSCA Has Caused Harm to CrossFit.**

58. NSCA denies the allegations in paragraph 58.

59. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60. NSCA admits Outside Magazine published the article but denies any allegations related to the content of the article or any argument or implications related thereto that are contained within paragraph 60.

61. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. NSCA admits Outside Magazine published the article but denies any allegations related to the content of the article or any argument or implications related thereto that are contained within paragraph 62.

63. NSCA denies the allegations in paragraph 63.

G. **NSCA Belatedly Publishes Erratum regarding Devor Study that Admits Injury Data was False While (Erroneously) Affirming the Remainder of the Study and Additional Harmful Falsehoods.**

64. NSCA admits the allegations in paragraph 64.

65. NSCA admits the allegations in paragraph 65.

66. NSCA denies the allegations in paragraph 66.

67. NSCA denies the allegations in paragraph 67.

68. NSCA denies the allegations in paragraph 68.

**FIRST CLAIM FOR RELIEF**

**False Advertising (15 U.S.C. § 1125(a)**

69. NSCA reasserts and realleges its responses to paragraphs 1-68, above, as it fully sets forth herein and incorporates the same herein by reference.

70. NSCA denies the allegations in paragraph 70.

71. NSCA admits the allegations in paragraph 71.

72. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72.

73. NSCA denies the allegations that the Erratum contains numerous false, misleading, and/or deceptive statements regarding CrossFit"s injury rates. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73.

74. NSCA denies the allegations contained in paragraph 74.

75. NSCA denies the allegations contained in paragraph 75.

75. NSCA denies the allegations contained in paragraph 76.

77. NSCA denies the allegations contained in paragraph 77.

78. NSCA denies it made false, misleading, and/or deceptive statements of fact. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78.

79. NSCA denies the allegations contained in paragraph 79.

80. NSCA denies the allegations contained in paragraph 80.

81. NSCA denies the allegations contained in paragraph 81.

**SECOND CLAIM FOR RELIEF**

**False Advertising (California Business & Professions Code § 17500)**

82. NSCA reasserts and realleges its responses to paragraphs 1-81 above, as fully set forth herein and incorporate the same herein by reference.

83. NSCA denies the allegations contained in paragraph 83.

84. NSCA denies the allegations contained in paragraph 84.

85. NSCA denies the allegations contained in paragraph 85.

86. NSCA denies the allegations contained in paragraph 86.

87. NSCA denies it made false, misleading, and/or deceptive statements of fact. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 87.

88. NSCA denies the allegations contained in paragraph 88.

### THIRD CLAIM FOR RELIEF

### Unfair Competition (California Business & Professions Code § 17200)

89. NSCA reasserts and realleges it responses to paragraphs 1-88 above, as fully set forth herein and incorporate the same herein by reference.

90. NSCA denies the allegations contained in paragraph 90.

91. NSCA denies the allegations contained in paragraph 91.

92. NSCA denies the allegations contained in paragraph 92.

93. NSCA denies the allegations contained in paragraph 93.

### FOURTH CLAIM FOR RELIEF

### Declaratory Relief (F.R.C.P. 57; U.S.C. §§ 2201, 2202)

94. NSCA reasserts and realleges it responses to paragraphs 1-93 above, as fully set forth herein and incorporate the same herein by reference.

95. The allegations in paragraph 95 are argument and conclusions of law and therefore require no response.

96. NSCA denies the allegations contained in paragraph 96.

97. NSCA denies the allegations contained in paragraph 97.

### FIFTH CLAIM FOR RELIEF

### Trade Libel

98. NSCA reasserts and realleges it responses to paragraphs 1- 97 above, as fully set forth herein and incorporate the same herein by reference.

99. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99.

100. NSCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100.

101. NSCA denies the allegations contained in paragraph 101.

102. NSCA denies the allegations contained in paragraph 102.

103. NSCA denies the allegations contained in paragraph 103.

104. NSCA denies the allegations contained in paragraph 104.

105. NSCA denies the allegations contained in paragraph 105.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

CrossFit's First Amended Complaint, in whole or in part, fails to state a claim against NSCA upon which relief can be granted.

### Second Affirmative Defense

CrossFit's claims are barred by the Doctrine of Unclean Hands.

### Third Affirmative Defense

CrossFit's claims are barred by the Doctrine of Estoppel.

### Fourth Affirmative Defense

CrossFit's claims are barred by the Doctrine of Laches.

### Fifth Affirmative Defense

CrossFit's claims are frivolous and known by CrossFit to be frivolous and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith and for vexatious reasons for the purpose of harassing NSCA. Accordingly, NSCA is entitled to attorney's fees and other appropriate costs and expenses.

### Sixth Affirmative Defense

CrossFit's claims are barred in whole or in part, or its recoverable damages should be reduced, because it failed to take reasonable steps to minimize damages.

### Seventh Affirmative Defense

If CrossFit is damaged, as alleged, which is not admitted, such damages resulted in whole or in part from CrossFit's actions or actions by third parties for which NSCA is not responsible.

///

### Eighth Affirmative Defense

The First Amended Complaint, and each and every claim for relief therein, is barred because CrossFit lacks standing as to each and every claim for relief as against NSCA.

### Ninth Affirmative Defense

As to the claims under the Business & Professions Code, CrossFit fails to state a proper claim for relief in that CrossFit has not suffered injury-in-fact.

### Tenth Affirmative Defense

The First Amended Complaint, and each and every claim for relief therein, is barred because NSCA's conduct is protected by the First Amendment to the Constitution of the United States and Article 1, Section 2 of the California Constitution.

### Eleventh Affirmative Defense

CrossFit's claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including, but not limited to, the Due Process Clause, and the Fifth, Sixth and Eighth Amendments.

### Twelfth Affirmative Defense

CrossFit's claim for punitive damages against NSCA is invalid in that no officer, director or managing agent of NSCA had advanced knowledge of the acts complained of, nor did any such person act with the conscious disregard for the rights of CrossFit nor authorize, ratify or otherwise approve said acts of oppression, fraud or malice as alleged in the First Amended Complaint.

### Thirteenth Affirmative Defense

CrossFit's claims are barred because CrossFit has suffered no harm, to its reputation, its business or otherwise, as a result of the alleged defamatory or disparaging statement or statements set forth in the First Amended Complaint or as a result of any other conduct set forth in the First Amended Complaint.

///

### Fourteenth Affirmative Defense

CrossFit's damages, if any, were the result of unrelated, pre-existing, or subsequent conditions unrelated to NSCA's conduct.

### Fifteenth Affirmative Defense

CrossFit's claims for relief are barred, in whole or in part, by the doctrine of fair comment.

### Sixteenth Affirmative Defense

CrossFit's claims for relief are barred, in whole or in part, because the subject matter of the study at issue is newsworthy and/or related to an issue of public interest, and no statement or implication was published with actual malice.

### Seventeenth Affirmative Defense

CrossFit's First Amended Complaint is barred, in whole or in part, by the incremental harm doctrine.

### Eighteenth Affirmative Defense

CrossFit's claims for relief are barred, in whole or in part, because any alleged statements and/or implications for which it seeks to hold NSCA liable are true or substantially true.

### Nineteenth Affirmative Defense

CrossFit's claims for relief are barred, in whole or in part, because NSCA did not act with the requisite knowledge, recklessness, or negligence.

### Twentieth Affirmative Defense

CrossFit's claims for relief are barred, in whole or in part, because some or all of the allegedly libelous statements identified in the First Amended Complaint do not assert verifiably false facts, and/or constitute subjective statements of opinion, and thus cannot give rise to any claim against NSCA.

### Twenty-First Affirmative Defense

NSCA presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as-yet unstated, affirmative

defenses. NSCA reserves herein the right to assert additional affirmative defenses in the event discovery indicates to do so would be appropriate.

In answering CrossFit's prayers for relief, NSCA denies that CrossFit is entitled to damages of any kind, costs, attorney's fees, interest, injunctive relief, equitable relief, restitution, and/or declaratory relief of any sort whatsoever.

WHEREFORE, NSCA prays for relief as follows:

1. That CrossFit's First Amended Complaint be dismissed with prejudice;

2. That CrossFit be required to pay NSCA's costs, expenses, and reasonable attorney's fees in connection with this action; and

3. That NSCA has such other, further, and different relief as this Court deems just and proper.

Respectfully submitted,

Dated: May 6, 2016

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By:  /Kenneth S. Kawabata/
Kenneth S. Kawabata,
SBN 136574

550 West C Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268

Counsel for Defendant NATIONAL STRENGTH AND CONDITIONING ASSOCIATION

# DEMAND FOR JURY TRIAL

NSCA demands trial by jury on each of its claims for relief triable before a jury.

Respectfully submitted,

Dated: May 6, 2016

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: /Kenneth S. Kawabata/
Kenneth S. Kawabata,
SBN 136574

550 West C Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268

Counsel for Defendant NATIONAL STRENGTH AND CONDITIONING ASSOCIATION

*Cross-Fit, Inc. v. National Strength and Conditioning Association*
Case No. 14CV1191 JLS KSC

## PROOF OF SERVICE

## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 550 West C Street, Suite 1900, San Diego, California 92101. On May 9, 2016, I served the document described as follows:

**ANSWER TO FIRST AMENDED COMPLAINT**

☒ VIA ELECTRONIC FILING SERVICE: Complying with Local Rule 5.4(a) mandatory electronic filing, my electronic business address is wrd@manningllp.com I caused such document(s) to be electronically served through the CM/ECF system for the above-entitled case to those parties on the Service List maintained on the CM/ECF website for this case. The file transmission was reported as complete and a copy of the Filing/Service Receipt will be maintained with the original document(s) in our office.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 9, 2016, at San Diego, California.

WENDY DENTON

1