UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation,<br><br>                    Defendant. | Case No.: 14cv1191 JLS (KSC)<br><br>**ORDER (1) DENYING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL, AND (2) DENYING AS MOOT MOTION TO STAY**<br><br>(ECF No. 126) |

Presently before the Court is Defendant's Motion for Certification Under 28 U.S.C. § 1292(b) and Motion to Stay ("Mot. for Interloc. Appeal"). (ECF No. 126.) Also before the Court are Plaintiff's Opposition to, (ECF No. 132), and Defendant's Reply in Support of, (ECF No. 139), Defendant's Motion for Interlocutory Appeal. The Court took the Motion for Interlocutory Appeal under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 141.) Having considered the Parties' arguments and the law, the Court **DENIES** Defendant's Motion for Interlocutory Appeal.

/ / /

/ / /

/ / /

# BACKGROUND

CrossFit brought suit against the National Strength and Conditioning Association ("NSCA") for damages flowing from a NSCA-published study that attributed incorrect injury data to certain study participants' use of the CrossFit program. (*See generally* First Am. Compl., ECF No. 71-6.) CrossFit asserts that this alleged wrong constitutes various causes of action, including (1) False Advertising under the Lanham Act (15 U.S.C. § 1125(a)); (2) False Advertising under California Business and Professions Code section 17500; (3) Unfair Competition under California Business and Professions Code section 17200; and (4) a common-law claim for trade libel. (*Id.*) However, causes of action (1)–(3) may only be maintained in the present case if the NSCA-published study is legally classified as "commercial speech."

Attempting to foreclose these claims, NSCA moved for summary judgment on the commercial speech issue. (ECF No. 102.) The Court denied the Motion as to that issue, and concluded that a reasonable trier of fact could conclude both that the injury data constituted commercial speech and that the data were not "inextricably intertwined with the remainder of the article." (Order (1) Granting CrossFit Inc.'s Partial MSJ and (2) Granting in Part and Den. in Part Nat'l Strength and Conditioning Ass'n's MSJ 9–14, ECF No. 121.) NSCA now moves the Court to certify a particular aspect of that ruling for interlocutory appeal, specifically

> whether under the first step of the Ninth Circuit's commercial speech test set forth in *Dex Media West, Inc. v. City of Seattle*, 696 F.3d 952, 957 (9th Cir. 2012), a court is limited to considering only the speech itself—and should not consider extrinsic evidence of the speaker's economic motivation and purported falsity or fabrication of the speech—when determining whether speech "does no more than propose a commercial transaction" under the traditional "core" commercial speech test from *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976).

(Mot. for Interloc. Appeal 1.)

/ / /

## LEGAL STANDARD

28 U.S.C. § 1292(b) provides, in pertinent part, that a district judge may certify an order for immediate interlocutory appeal if the judge is "of the opinion" that: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion" as to the resolution of that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See Kaltwasser v. AT&T Mobility*, 2011 WL 5417085, at *1 (N.D. Cal. Nov. 8, 2011); *In re LDK Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1258 (N.D. Cal. 2008). All three criteria must be met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). And such certification should only be granted "in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

## ANALYSIS

Defendant fails to demonstrate that this is an exceptional case warranting an override of the general policy disfavoring piecemeal appeals. Although Defendant makes a solid case that the commercial-speech issue involves a controlling issue of law and that there is a substantial ground for difference of opinion as to the resolution of the issue presented, Defendant fails to establish the third criterion. Specifically, Defendant admits that even if the Court certified the commercial speech issue for interlocutory appeal and the Circuit disagreed with this Court, "CrossFit would be left with its trade libel claim . . . ." (Recon. Mot. 2.) "As a result, . . . the case would still proceed to trial based on [another] theory." *Ill. Union Ins. Co. v. Intuitive Surgical, Inc.*, No. 13-CV-04863-JST, 2016 WL 5905935, at *3 (N.D. Cal. Oct. 11, 2016) (denying motion for interlocutory appeal due to same). And here, the elements largely overlap between trade libel and at least one of the claims implicated by the requested interlocutory appeal. *Compare New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1113 (C.D. Cal. 2004) ("To prove trade libel, Plaintiff must show (1) a statement that (2) was false, (3) disparaging, (4) published to others in writing, (5) induced others not to deal with it, and (6) caused special damages."), *with Southland Sod Farms v.*

*Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) ("The elements of a Lanham Act § 43(a) false advertising claim are: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement . . . ." (footnotes omitted)). Therefore, evidence presented at trial will largely be the same regardless of the outcome of the requested interlocutory appeal, and Defendant's assertions that "a favorable appeal can influence different avenues for resolution of the case" and "streamline trial and simplify (or obviate) any post-judgment appeal" do not alone make this an "extraordinary case" for purposes of interlocutory appeal certification. *See Yeager v. Cingular Wireless LLC*, No. 207CV02517FCDGGH, 2010 WL 935431, at *2 (E.D. Cal. Mar. 15, 2010) (certifying interlocutory appeal on commercial-speech issue because Circuit classifying speech differently would "call[] into question" the "viability of all of plaintiff's claims[,]" but Circuit ultimately denying same interlocutory appeal (*Yeager v. AT&T Mobility, LLC*, Case No. 10-80074 (9th Cir. Jun. 14, 2010) (ECF No. 5))).

Additionally, and as Plaintiff notes in its Opposition, "Defendant['s] certification '[m]otion comes after [multiple] years of extensive discovery and dispositive motion practice" and was filed very close to "final resolution of this matter at trial . . . ." *Cali. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. 2:10-CV-01207-GEB-AC, 2016 WL 64419, at *2 (E.D. Cal. Jan. 5, 2016) (quoting *Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC*, No. 2:13-CV-3016-TOR, 2015 WL 403178, at *2 (E.D. Wash. Jan. 28, 2015)). Although the trial deadlines have now been postponed due to alleged discovery misconduct by Defendant, it is nonetheless true that, "[a]t this late stage in the action, 'allowing an interlocutory appeal would [not] avoid protracted and expensive litigation.' " *Cali. Sportfishing*, 2016 WL 64419, at *2 (second alteration in original) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see Mann v.*

*Cty. of San Diego*, No. 3:11-CV-0708-GPC-BGS, 2016 WL 245480, at *3 (S.D. Cal. Jan. 21, 2016) ("Immediate appeal may be found inappropriate if there is a good prospect that . . . the character of the trial is not likely to be affected." (quoting 16 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 3930 (3d ed. 2017))).

## CONCLUSION

Given the foregoing, the Court concludes that Defendant has not sufficiently established that this case is one of the few "exceptional" ones that warrants certifying an interlocutory appeal. Accordingly, the Court **DENIES** Defendant's Motion for Interlocutory Appeal, and **DENIES AS MOOT** Defendant's Motion to Stay.

**IT IS SO ORDERED.**

Dated: April 3, 2017

Hon. Janis L. Sammartino
United States District Judge