FILED
MAY 26 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY MPL         DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSS-FIT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation,<br><br>Defendant. | Case No.: 14cv1191-JLS(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTES (PROTECTIVE ORDER DESIGNATION AND PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS) AND EX PARTE APPLICATION TO INTRODUCE NEWLY DISCOVERED EVIDENCE**<br><br>[Doc. Nos. 138 and 160.] |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute (Protective Order Designation and Plaintiff's Fifth Set of Requests for Production of Documents) [Doc. No. 138]; plaintiff's related Ex Parte Application to Introduce Newly Discovered Evidence Relevant to Determination of the Discovery Dispute [Doc. No. 160]; and defendant's Opposition to plaintiff's Ex Parte Application [Doc. No. 161].

///

1

In the Joint Motion, plaintiff seeks an order compelling defendant to: (1) de-designate two internal documents as "confidential" under the stipulated Protective Order governing the exchange of confidential information between the parties; and (2) produce documents responsive to Request Nos. 2-3, 13-14, and 21-22 in plaintiff's Fifth Set of Requests for Production of Documents. [Doc. No. 138, at p. 16.]

In the related Ex Parte Application, plaintiff wants the Court to consider "newly discovered evidence" that it believes is relevant to whether the Court should issue an order de-designating certain documents as "confidential" and compelling defendant to produce documents in response to the Fifth Set of Requests for Production of Documents. [Doc. No. 160, at pp. 2-6.] Apparently, the "newly discovered evidence," derives from two sources. First, in a separate state court action plaintiff took the deposition of an employee of defendant, and during his deposition, the employee indicated that "key portions" of a Declaration he submitted in this case were not entirely true, and defendant referred to this Declaration in its opposing arguments in the Joint Motion. [Doc. No. 160, at p. 2; Doc. No. 138, at pp. 22, 26-27.] Second, the "newly discovered evidence" consists of documents produced by defendant in the separate state court action that plaintiff believes should have been produced in this action in response to a prior document request. [Doc. No. 160, at p. 2, 4.] The "newly discovered evidence" from the state court action is currently the basis of plaintiff's Motion for Terminating Sanctions that is pending at this time before the District Court. [Doc. No. 162, at pp. 2-3.]

### *Procedural History*

The parties' Joint Motion was submitted on June 16, 2016 [Doc. No. 106] and filed under seal on November 2, 2016. [Doc. No. 138.] However, because of filing irregularities, the Joint Motion did not appear as a pending matter on the Court's docket. The Court only learned that the parties' Joint Motion had been filed and not resolved when plaintiff recently filed its related Ex Parte Application on March 9, 2017. [Doc. No. 160.]

///

## *Discussion*

### *I. Plaintiff's Request to De-Designate Documents as Confidential.*

A stipulated Protective Order filed in this case on August 20, 2014 governs the exchange of confidential information between the parties. [Doc. No. 14.] This Protective Order states in part as follows: "Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party." [Doc. No. 14, at p. 3.] In addition, the Protective Order states that: "All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action." [Doc. No. 14, at p. 6.]

Federal Rule 26(c)(1) also states as follows: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; . . . (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure to certain matters; . . . [and] (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . ." Fed.R.Civ.P. 26(c)(1).

As noted above, plaintiff argues in the Joint Motion that defendant "improperly designated two internal documents as "CONFIDENTIAL." [Doc. No. 138, at p. 6.] These documents are described by plaintiff as competitive analyses. [Doc. No. 138, at pp. 7-8.] According to plaintiff, these documents are "highly relevant" to matters at issue in the case, because they contradict defendant's assertions that plaintiff and defendant are not competitors, and plaintiff must show that the parties are competitors in order to prevail under the Lanham Act. [Doc. No. 138, at p. 20.] However, plaintiff does not adequately explain why it believes defendant's designation of the challenged document as "confidential" is improper under the express terms of the Protective Order. Plaintiff's

only reason for seeking to de-designate these documents as "confidential" appears to be a belief that the documents "should not be withheld from the public."[1] [Doc. No. 138, at p. 17.]

This is the second time plaintiff has challenged "confidential" designations by defendant in a Joint Motion. [Doc. Nos. 49, 51, 60.] In response to the prior Joint Motion, the Court denied plaintiff's request for an order striking "confidential" designations as to ten documents produced by defendant during discovery. [Doc. No. 60, at pp. 14-15.] In part, the Court denied plaintiff's request, because the de-designation of documents as "confidential" was being sought for an improper purpose (*i.e.*, to publicly discredit defendant in the media and "to try this case in the public arena rather than in a court of law"). [Doc. No. 60, at pp. 9-15.]

In the recently filed Ex Parte Application to Introduce Newly Discovered Evidence [Doc. No. 160], plaintiff argues that the Court should de-designate the challenged documents as "confidential," because the author of these documents testified during his deposition that statements he made in a Declaration were not entirely truthful. Then, according to plaintiff, defendant relied on this untruthful Declaration "extensively" to oppose defendant's request for an order de-designating the challenged documents as "confidential" under the Protective Order. [Doc. No. 160, at pp. 2-6.]

---

[1] The Court notes that plaintiff does not request de-designation of the challenged documents so that they can be filed in the public record in connection with a dispositive motion that would be heard by the District Judge assigned to the case. Rather, the challenged documents were submitted as exhibits to a non-dispositive Joint Motion for Determination of Discovery Dispute. [Doc. No. 138; Doc. No. 138-2; Doc. No. 138-3.] As explained in the Court's Order of July 16, 2015, "judicial records attached to dispositive motions" are "treated differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th 2006). The reason for this difference is that "the public has less of a need for access to court records attached only to non-dispositive motions . . . ." *Id.* at 1179.

Contrary to plaintiff's argument, defendant does not rely "extensively" on the referenced Declaration or the related deposition testimony to support its designation of the challenged documents as "confidential" under the terms of the Protective Order. [Doc. No. 138, at pp. 29-31.] In fact, defendant's main reason for designating these documents as "confidential" does not rely at all on the referenced Declaration or the related deposition testimony. Rather, defendant's main and most relevant argument is that it legitimately and appropriately designated the challenged documents as "confidential" based on the express terms of the Protective Order (*i.e.*, its "good faith belief [that] unrestricted disclosure of such information could be potentially prejudicial to [its] business or operations. . . .") and the harm it believes it will suffer if the challenged documents lose their "confidential" designations. [Doc. No. 14, at p. 3; Doc. No. 138, at pp. 24-25, 29-31.]

Based on the representations made by defendant in the Joint Motion, the Court concludes that defendant did have a "good faith" basis for designating these documents as "confidential" under the terms of the stipulated Protective Order. More specifically, defendant has identified particularized harm it expects to suffer to its business interests if the challenged documents are not protected. [Doc. No. 14, at p. 3; Doc. No. 138, at pp. 29-31.] Defendant's representations in this regard are also enough to show "good cause" for a protective order under Federal Rule 26(c)(1).[2] While the referenced Declaration and the related deposition testimony are obviously related to the parties'

---

[2] The public does not have a strong or compelling interest in access to "documents produced between private litigants" or in documents submitted to the Court with a non-dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). A showing of "good cause" for a protective order under Rule 26(c) is enough to justify filing documents attached to a non-dispositive motion under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179. Once a discovery document attached to a non-dispositive motion is filed under seal, "the usual presumption of a public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

substantive claims and defenses, they are not relevant to whether defendant had a good faith basis for designating the documents as "confidential" under the express terms of the Protective Order.

For the reasons set forth above and for the reasons outlined in the Court's July 16, 2015 Order denying plaintiff's request to strike "confidential" designations [Doc. No. 60, 9-15], the Court finds that plaintiff's request in the Joint Motion for an order de-designating certain documents as "confidential" under the stipulated Protective Order must be DENIED. [Doc. No. 138, at pp. 6, 17-18.] Until and unless the District Court rules otherwise at trial or in connection with a dispositive motion, the challenged documents shall maintain their "confidential" designations under the terms of the Protective Order and Federal Rule 26(c)(1).

## II.     *Plaintiff's Fifth Request for Production of Documents.*

### A.     *Relevance.*

Federal Rule of Civil Procedure 26 provides as follows: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

In the Joint Motion, plaintiff seeks an order compelling defendant to produce documents responsive to Document Request Nos. 2, 3, 13, 14, 21, and 22 in its Fifth Set of Requests for Production of Documents. Plaintiff served defendant with these document requests on October 29, 2015. [Doc. No. 138, at p. 25.] Request Nos. 2 and 3 seek marketing documents, especially marketing documents referencing or discussing certain fitness training programs. [Doc. No. 138, at p. 14.] Request Nos. 13 and 14 seek documents referring or relating to proposed legislation requiring fitness instructors to

register before providing services to the public that were mentioned in the October 23, 2015 deposition of Dr. Levi Boren. [Doc. No. 138, at pp. 14-15.] Request No. 21 seeks all documents "referring or relating to the Institute for Credentialing Excellence." [Doc. No. 138, at p. 16.]

On November 30, 2015, defendant responded to these document requests with objections only. The grounds for objection included in defendant's responses are that plaintiff's document requests are overly broad, unduly burdensome, and seek private, confidential information. [Doc. No. 138, at pp. 14-17.] As to Document Request Nos. 13, 14, 21, and 22, defendant's responses included additional grounds for objection. First, with respect to Request Nos. 13, 14, 21, and 22, defendant contends that the documents sought "are equally available" to plaintiff. [Doc. No. 138, at pp. 15-16.] Second, with respect to Request Nos. 13 and 14 only, defendant objected that the documents sought are protected by the attorney-client privilege and/or the work product doctrine. [Doc. No. 138, at p. 15.] In addition to these general objections, defendant responded that plaintiff's Fifth Set of Requests for Production of Document was "untimely" and sought "information beyond the scope of discovery agreed to by the parties pursuant to the THIRD JOINT MOTION TO EXTEND DISCOVERY DATES." [Doc. No. 138, at pp. 14-17.]

Based on the allegations in the operative First Amended Complaint [Doc. No. 71-6, at pp. 1-28], the First Amendment defenses raised in defendant's Answer thereto [Doc. No. 88, at p. 11], plaintiff's theory of the case, and the District Court's summary judgment ruling [Doc. No. 121], the Court does not doubt the general relevance of the documents defendant seeks in its Fifth Set of Requests for Production of Documents. Contrary to defendant's argument, these requests, although worded too broadly, do not seek "innocuous" or totally irrelevant documents. [Doc. No. 138, at pp. 22, 26-27.] As plaintiff contends, the documents sought in these requests relate to an important issue in the case – whether plaintiff and defendant are commercial competitors. [Doc. No. 138, at p. 20.]

7

14cv1191-JLS(KSC)

On the other hand, it is unclear based on the information presented whether the documents plaintiff is seeking are proportional to the needs of the case or particularly important to resolving the matters at issue, as plaintiff admittedly has already obtained significant evidence to support its theory that plaintiff and defendant are competitors. For example, Document Request No. 13 seeks: "All documents . . . [*i.e.*, without any limitation] referring or relating to legislation requiring exercise professionals or fitness trainers to register in order to continue providing their services including, but not limited to, the legislation and draft legislation Mr. Boren referenced during his deposition." [Doc. No. 138, at pp. 14-15.]

In plaintiff's view, defendant engaged in lobbying efforts to regulate fitness professionals for competitive purposes, which included regaining market share allegedly lost to plaintiff. [Doc. No. 138, at pp. 13-14.] Based on the information presented, however, it appears that defendant's representative, Mr. Boren, testified extensively on this topic. [Doc. No. 138, at pp. 11-12] As a result, it is unclear, without more, why plaintiff believes defendant should be required to conduct an extensive search and produce "all documents" on this topic. In addition, defendant indicated the documents plaintiff seeks in response to this request "are equally available to [plaintiff]." [Doc. No. 138, at p. 15.] More significantly, as outlined more fully below, the subject document requests and plaintiff's request for an order compelling further responses to these requests are objectionable based on timeliness grounds.

B. *Timeliness*.

1. *Untimely Service*.

This case has been pending for three years, as the original Complaint was filed on May 12, 2014. [Doc. No. 1.] The factual allegations against defendant are not complex. Discovery began on or about September 19, 2014, when the Court directed the parties to comply with the initial disclosure requirements in Federal Rule 26(a)(1)(A-D). [Doc. No. 16, at p. 2.] Thereafter, the case was plagued with discovery delays and a number of large discovery disputes, and as a result, it took more than a year for the parties to

8

14cv1191-JLS(KSC)

complete discovery in a relatively simple, straightforward case. Discovery disputes and discovery delays resulted in several extensions of the deadline for completing discovery. The initial Scheduling Order was filed on October 3, 2014 and included a February 23, 2015 deadline for completing fact discovery. [Doc. No. 24, at p. 1.] On January 22, 2015, the Court issued an Amended Scheduling Order extending the discovery deadline until July 17, 2015, because of discovery delays and pending discovery disputes. [Doc. No. 33, at pp. 1-7; Doc. No. 34.]

On July 16, 2015, the Court issued the Second Amended Scheduling Order extending the deadline for completing discovery until October 30, 2015, because of pending discovery disputes. [Doc. No. 52, at pp. 2-6; Doc. No. 62, at p. 1.] On November 5, 2015, the Court again extended the discovery deadline for a brief time until November 30, 2015 "solely for the purpose of deposing third party witnesses" who were identified by the parties in their Joint Motion. [Doc. No. 64, at p. 3 n.1; Doc. No. 65, at p. 2] At this time, the parties represented in their Joint Motion that a brief extension of the discovery deadline was needed for the sole purpose of deposing "certain third-party witnesses who were unavailable to sit for their depositions before the close of fact discovery."[3] [Doc. No. 64, at p. 3 n.1.]

Plaintiff served defendant with the Fifth Set of Requests for Production of Documents on October 29, 2015, the day before the expiration of the October 30, 2015 deadline for completing discovery that was set forth in the Second Amended Scheduling Order. [Doc. No. 138, at pp. 13, 23.] Consistent with prior scheduling orders issued in this case, the Second Amended Scheduling Order extending the fact discovery deadline

---

[3] Thereafter, the Court notes that the parties also needed two extensions of time to complete expert discovery. On January 27, 2016, an extension of the deadlines for completing expert discovery was granted to allow the parties to informally resolve discovery disputes and attend mediation. [Doc. No. 66, at pp. 3-4; Doc. No. 67.] On April 12, 2016, the Court briefly extended the deadlines for completing expert discovery again to allow defendant an additional week to review plaintiff's damages-related expert report. [Doc. No. 78, at pp. 2-3; Doc. No. 79.]

9

14cv1191-JLS(KSC)

to October 30, 2015 states in part as follows: "1. All fact discovery shall be completed by all parties on or before ***October 30, 2015***. 'Completed' means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. . . . **Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court.** . . . 16. The dates and times set forth herein will not be modified except for good cause shown." [Doc. No. 62, at pp. 1-2, 5 (emphasis in original).] Under Federal Rule 34(b)(2)(A), "[t]he party to whom the request [for production of documents] is directed must respond in writing within 30 days after being served. . . ." Fed.R.Civ.P. 34(b)(2)(A). However, under Federal Rule 6(a)(1)(A), the day of service is excluded in computing the time for a party to respond and Federal Rule (6)(d) allows three additional days to respond if service was by mail or by electronic means under Federal Rule 6(d). Fed.R.Civ.P. 6 (2016).

Based on the foregoing, defendant's responses to plaintiff's Fifth Set of Requests for Production of Documents were due more than 30 days after the applicable discovery deadline expired. Although the parties filed a Third Joint Motion to Extend Discovery Dates on October 29, 2015, and the discovery deadline was extended one more time until November 30, 2015, the extension was for the sole purpose of completing certain depositions. [Doc. No. 64, at p. 3; Doc. No. 65, at p. 2.]

Plaintiff argues that defendant's "timeliness objection is baseless," because the parties' Third Joint Motion requested an extension of the deadline "to complete fact discovery" [Doc. No. 64, at p. 3] and because the parties informally agreed to serve responses to outstanding discovery after the October 30, 2015 deadline. [Doc. No. 138, at pp. 18-19.] Both of these arguments are unconvincing. First, the parties represented in the Third Joint Motion that an extension of time until November 30, 2015 was requested for the sole purpose of conducting certain depositions [Doc. No. 64, at pp. 2-3] and the

Court's Order granting the extension specifically states that "the deadline for completing fact discovery is extended to November 30, 2015 solely for the purpose of deposing the third party witnesses listed in Footnote 1 of the parties' Joint Motion." [Doc. No. 65, at pp. 1-2.]

Second, as noted above, the Second Amended Scheduling Order clearly states that: "16. The dates and times set forth herein will not be modified except for good cause shown." [Doc. No. 62, at pp. 1-2 (emphasis in original).] In addition, as noted above, Federal Rule 16(b)(4) states that: "A schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). Thus, with respect to the timeliness of plaintiff's Fifth Set of Requests for Production of Documents, it is irrelevant that the parties may have informally agreed without the Court's approval to serve responses to some outstanding discovery requests after the October 30, 2015 deadline.

Good cause for an extension exists when the moving party requests additional time before the original time expires and demonstrates he cannot meet the deadline despite exercising due diligence. Fed.R.Civ.P. 6(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). "If that party was not diligent, the inquiry should end." *Id.*

Here, plaintiff did not seek additional time based on a showing of good cause to serve the Fifth Set of Requests for Production of Documents before the October 30, 2015 deadline expired. Nor does the current Joint Motion adequately address whether there is good cause for re-opening discovery and extending the deadline for defendant to produce documents responsive to the Fifth Set of Requests for Production of Documents. Based on the information presented, it is unclear why plaintiff served its Fifth Set of Requests for Production of Documents without seeking an extension of time to do so. Under these circumstances, the Court finds that plaintiff did not timely serve the Fifth Set of Requests for Production of Documents and did not establish good cause for extending the time to do so.

/ / /

/ / /

11

14cv1191-JLS(KSC)

### 2. *Untimely Filing of Joint Motion.*

The Second Amended Scheduling Order, which was in effect at the time plaintiff served defendant with the Fifth Set of Requests for Production of Documents, states in part as follows:

> All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached an impasse with regard to the particular issue. . . . In any case, the event giving rise to a discovery dispute is not the date on which counsel reach an impasse in meet and confer efforts.

[Doc. No. 62, at p. 2.]

Here, as noted above, plaintiff served defendant with the Fifth Set of Requests for Production of Documents on October 29, 2015. [Doc. No. 138, at pp. 13, 23, 25.] Defendant responded to these requests on November 30, 2015. [Doc. No. 138, at pp. 14-17.] The papers submitted indicate the parties did not even meet and confer to discuss defendant's disputed responses to these requests until April 20, 2016, long after the 45-day deadline expired. [Doc. No. 138-1, at pp. 3-4.] Then, the parties' Joint Motion was not submitted until June 16, 2016, almost seven months after defendant served plaintiff with its responses and long after the deadline for completing discovery had expired. [Doc. No. 138, at p. 1.]

Plaintiff's explanation for the delay in filing the Joint Motion is included in counsel's Declaration and states as follows: "Because the parties were contemplating mediation in the weeks following [defendant's] response to [plaintiff's] Fifth Request for Production of Documents, the Parties stipulated to extending the deadline to file the present joint discovery motion so they could focus their resources on mediation without burdening the Court with discovery disputes that could be mooted by mediation." [Doc. No. 138-1, at p. 3.]

///

Plaintiff's explanation does not justify the lengthy delay in filing the Joint Motion. First, as noted above, the Second Amended Scheduling Order sets forth the procedure for submitting discovery disputes and states as follows: **"Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court."** [Doc. No. 62, at pp. 1-2 (emphasis in original).] The Court was unable to locate any Order in the record approving an extension of time to file a Joint Motion. Second, the dispute arose in November 2015. It was not until February 9, 2015 that the parties requested time to attend private mediation, and the mediation was scheduled for March 16, 2016. [Doc. No. 68, at pp. 2-3.] Then, the Joint Motion was not submitted until June 16, 2016. [Doc. No. 138.] Under these circumstances, the Court finds that the Joint Motion was not filed in a timely manner.

### C. *"Newly Discovered Evidence."*

Plaintiff also wants the Court to consider "newly discovered evidence" in determining whether it is entitled to an order compelling defendant to produce documents in response to the untimely Fifth Set of Requests for the Production of Documents. [Doc. No. 138, at pp. 2, 4.] Allegedly, the "newly discovered evidence" consists of documents produced by defendant in a separate state court action that were not produced in this action even though they were responsive to plaintiff's prior request in this action for production of "[a]ll documents and communications referring or relating to [plaintiff]." [Doc. No. 160, at p. 4.] Without support, plaintiff argues that "[t]he documents referenced in the instant motion are just the tip of the iceberg." [Doc. No. 160, at p. 4.] In other words, it appears that plaintiff believes there are more documents responsive to the earlier document request that defendant has not produced in this action or in the state court action. However, based on the information presented in plaintiff's Ex Parte Application, there does not appear to be a basis for plaintiff's belief other than speculation.

While it is apparent that the "newly discovered" documents and defendant's alleged failure to produce them earlier in this action are relevant to whether the District

13

Court should grant plaintiff's pending Motion for Sanctions [Doc. No. 150], this Court is not convinced that the circumstances justify re-opening discovery at this late date in the proceedings to compel defendant to produce documents in response to plaintiff's untimely Fifth Set of Requests for Production of Documents. The "newly discovered evidence" does not explain or excuse the timeliness issues discussed above, and the requests are also objectionable as overly broad. In sum, without more, the "newly discovered evidence" does not establish good cause for re-opening discovery to compel defendant to respond to plaintiff's Fifth Set of Requests for Production of Documents.

## *Conclusion*

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's request for an order compelling defendant to de-designate two internal documents as "confidential" under the stipulated Protective Order is DENIED. IT IS FURTHER ORDERED that plaintiff's request for an order compelling defendant to produce documents responsive to Request Nos. 2-3, 13-14, and 21-22 in plaintiff's Fifth Set of Requests for Production of Documents is DENIED.

IT IS SO ORDERED.

Dated: May 26, 2017

Hon. Karen S. Crawford
United States Magistrate Judge