TROUTMAN SANDERS LLP
Justin Nahama, Bar No. 281087
justin.nahama@troutman.com
Wynter L. Deagle, Bar No. 296501
wynter.deagle@troutman.com
Christina Ding, Bar No. 286009
christina.ding@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Telephone: 858-509-6000
Facsimile:  858-509-6040

LATHAM & WATKINS LLP
Blair Connelly, Bar No. 174460
blair.connelly@lw.com
William O. Reckler, *admitted pro hac vice*
william.reckler@lw.com
885 Third Avenue
New York, New York 10022-4834
Telephone: 212-906-1239
Facsimile:  212-751-4864

Attorneys for Plaintiff
CROSSFIT, INC.

TROUTMAN SANDERS LLP
11682 El Camino Real
Suite 400
San Diego, CA  92130-2092

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., a Delaware corporation, | Case No.  3:14-cv-01191-JLS-KSC |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | Dept:      4D |
| NATIONAL STRENGTH AND CONDITIONING ASSOCIATION, a Colorado corporation, | Judge:      Hon. Janis L. Sammartino |
| Defendant. | |

/ / /

1   Plaintiff CROSSFIT, INC. ("CrossFit") and Defendant NATIONAL
2   STRENGTH AND CONDITIONING ASSOCIATION ("NSCA") hereby submit
3   the following status report pursuant to the Court's order (ECF No. 394) granting in
4   part and denying in part CrossFit's Renewed Motion for Terminating Sanctions
5   ("Mot.," ECF Nos. 326, 359).

6   **I.     INTRODUCTION**

7       In its December 4, 2019 Order, the Court ordered the parties to meet and
8   confer on or before December 31, 2019, "[t]o resolve the amount of damages to
9   which CrossFit is entitled and the terms for the NSCA's payment of the ordered
10  monetary sanctions to CrossFit."  (ECF No. 394 at 49.)  The Parties have complied
11  with this Order.

12      Between December 4 and 19, 2019, counsel for CrossFit and the NSCA
13  informally exchanged information related to the amount of damages to which
14  CrossFit is entitled and the terms for the NSCA's payment of the ordered monetary
15  sanctions to CrossFit.  On December 20, 2019, counsel for CrossFit and the NSCA
16  met and conferred in person to discuss these two issues.  A court reporter was
17  present at this meeting and at the Court's request, the Parties will submit the meeting
18  transcript to confirm their compliance with the Court's Order.

19      On December 30, 2019, the NSCA sent a letter providing additional
20  information related to its position on the amount of damages to which CrossFit is
21  entitled.  CrossFit and the NSCA exchanged further correspondence on January 6,
22  2020, and January 10, 2020, respectively.  On January 13, 2020, counsel for the
23  Parties held a final telephonic conference to meet and confer on these issues.

24  **II.     TERMS FOR THE NSCA'S PAYMENT OF THE ORDERED**
25  **MONETARY SANCTIONS TO CROSSFIT**
26  **CrossFit's Position and Request for Final Award:**

27      The Parties have not and will not reach an agreement regarding an
28  arrangement for the NSCA's payment of the $3,997,868.66 monetary sanctions

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

award issued by the Court ("Sanctions Award").  As such, CrossFit respectfully requests the Court issue an order directing the NSCA to pay the Sanctions Award in full by January 31, 2020.  An order for immediate payment is appropriate at this time to ensure the severe financial prejudice already suffered by CrossFit at the hands of the NSCA is not compounded through further NSCA delay tactics.

During the in-person meet and confer, the NSCA represented that it is unable to pay the Sanctions Award while still meeting its monetary obligations to continue business operations.  Specifically, the NSCA's counsel explicitly stated:  "They [the NSCA] certainly don't have $4 million that they can pay out in sanctions and then continue to run their business, no."[1]  However, the NSCA produced a balance sheet reflecting it has cash reserves and unencumbered assets in excess of $4 million (sufficient to pay the Sanctions Award in full).  Rather than offering to use these assets to satisfy its debt to CrossFit, the NSCA instead requested that CrossFit agree to a "payment plan" as follows:  the NSCA would pay $1.5 million by January 31, 2020, with the remaining balance paid only in quarterly installments of $400,000 each, beginning April 30, 2020.  In effect, the NSCA requested that CrossFit finance the NSCA's obligation to remedy the financial damage it has inflicted upon CrossFit.

In response, and attempting in good faith to find a workable alternative, CrossFit inquired whether the NSCA would be willing to provide security for payment of the Sanctions Award (*i.e.*, a lien on unencumbered assets) during the course of proposed repayment to provide security to CrossFit for the risk associated with payment over time.  As of the date of this Status Report, over three weeks have passed and the NSCA has not provided a response.

/ / /

---

[1] While the NSCA suddenly disputes that this statement was made, this exact statement appears in the hearing transcript on page 10, lines 13-16, in response to CrossFit's question:  "Do they not have $4 million at this point in time to pay?"

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

The NSCA's suggested payment plan is salt on the wound created by years of misconduct, and reflects the NSCA's continued attempts to skirt responsibility for its actions.  In effect, the NSCA suggests that CrossFit should involuntarily finance the bulk of the Sanctions Award – $2.5 million – in the form of an unsecured loan over two years.  This, after CrossFit has already involuntarily incurred and paid those same amounts as a result of the NSCA's discovery misconduct.[2]

The NSCA's proposal is an absurd attempt to shift the risk of non-payment and opportunity cost to CrossFit, and evade any harsh impact from the serious relief the Court has already ordered.  The NSCA's games demonstrate the need for a Final Order that is subject to immediate payment and execution.  If the NSCA is unable to pay this debt as represented,[3] CrossFit should not bear the risk of the NSCA's insolvency or its continued depletion of assets.  In contrast, if the NSCA has sufficient cash reserves and/or unencumbered assets to satisfy the Sanctions Award, there is no legitimate basis for any "payment plan" over time.

**NSCA's Position:**

The NSCA disagrees with much of CrossFit's Position Statement.  Many of the statements contained therein are incomplete or inaccurate.  CrossFit states that "the NSCA represented that it is unable to pay the Sanctions Award while still

[2]   It is worth noting that the NSCA is saving $140,000 a month as a result of the Parties' recent agreement to process unarchived data.  Prior to that agreement, CrossFit understands that the NSCA had been making monthly payments to the forensic evaluator in this case, indicating the NSCA has the means and ability to pay the Sanctions Award—or at the very least, it is fully capable of obtaining financing other than CrossFit.
[3]   The NSCA has represented that it will be unable to meet its monthly expenses if it pays the Sanctions Award.  CrossFit has requested financial documentation relating to its cash flow representations to support such statements.  To date, it is unclear whether the NSCA will produce such documents.  Regardless, it is not incumbent on CrossFit or this Court to accommodate the NSCA's desires to continue "business as usual."  CrossFit's sole interest is being made whole for the damages it has suffered as a result of the NSCA's five years of misconduct.

meeting its monetary obligations to continue business operations" and "the NSCA also produced a balance sheet reflecting it has cash reserves and unencumbered assets in excess of $4 million".  After the in person meet and confer session, the NSCA explained in writing what the balance sheet signifies as well as the NSCA's ability to pay the sanction award:

> The balance sheet is a snapshot of assets and liabilities that does not take into account ongoing obligations/expenses such as payroll, accounts payable, payments to third party creditors, and normal business operating expenses.  These items amount to approximately $1M per month.  The payment terms proposed by the NSCA take into account the need to meet other financial obligations to run the NSCA's business.

Ruch Jan. 10, 2020, Ltr, at p. 2.  Contrary to CrossFit's Position Statement, the NSCA does not "suddenly" dispute counsel's statement from the in person meet and confer session.  Rather, for accuracy, the complete context on the issue must include the NSCA's more complete written response.

With respect to the security interest issue, security interests impact many aspects of operating a business.  On January 10, 2020, the NSCA stated that it was willing to further meet and confer on the security interest and other issues, and continues to be willing to do so.

CrossFit states that it has requested financial documentation relating to the NSCA's cash flow representations.  That request was made during a 3:00 pm call on Monday, January 13, 2020, not allowing adequate time for the NSCA to consider or respond to the request.

In response to this Court's December 4, 2019, Order directing the parties to meet and confer on "the terms for the NSCA's payment of the ordered monetary sanctions to CrossFit," the NSCA has confirmed that it is able to pay $1.5M by January 31, 2020, and make quarterly payments of $400,000, beginning April 30, 2020, until the balance due is paid in full.  The NSCA has proposed that the

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

1   applicable interest rate for the amount that is unpaid after January 31, 2020, be the
2   rate that is set forth in 18 USC § 1961 for post-judgment interest.  The payment
3   terms proposed by the NSCA take into account the NSCA's ongoing
4   obligations/expenses such as payroll, accounts payable, payments to third party
5   creditors, and normal business operating expenses.

6       Contrary to CrossFit's concern about delay tactics, the NSCA has met and
7   conferred in good faith and has made a bona fide and reasonable payment proposal.

8   **III.   AMOUNT OF DAMAGES TO WHICH CROSSFIT IS ENTITLED**
9   **Joint Statement:**

10      On December 6, 2019, CrossFit provided the NSCA with a list of categories
11  of damages to which it is entitled and represented in good faith that it would be able
12  to prove up well over $70 million in damages.  On December 30, 2019, and as
13  clarified on January 10, 2020, the NSCA provided to CrossFit the NSCA's legal
14  analysis as to the categories of damages and the reasons that the NSCA contended
15  that CrossFit was or was not entitled to recover such damages.  The Parties have
16  exchanged documents and legal analysis related to this issue and have not been able
17  to reach an agreement.  The Parties agree that additional meet and confer would be
18  futile.

19      Accordingly, the Parties agree and respectfully request that CrossFit be
20  permitted to proceed with its April 13, 2020 default motion on damages.

21      The NSCA respectfully requests that it be allowed until July 13, 2020, to file
22  its opposition to CrossFit's Motion for Default Judgment, which is approximately
23  the same amount of time that CrossFit will have from the date of this Joint Status
24  Report until it files its Motion on or before April 13, 2020.

25      CrossFit respectfully requests until September 11, 2020, to file its Reply and
26  for the Court to set a hearing date at its earliest convenience after September 11,
27  2020.
28  / / /

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

41052295v1

1

Dated:  January 14, 2020      TROUTMAN SANDERS LLP

2

3

By:*s/ Wynter L. Deagle*
    Wynter L. Deagle

4
    Email:  wynter.deagle@troutman.com
    Justin Nahama

5
    Email:  justin.nahama@troutman.com
    Christina Ding

6
    Email: christina.ding@troutman.com

7
    Attorneys for Plaintiff
    CROSSFIT, INC.

8

9

Dated:  January 14, 2020      NOONAN LANCE BOYER & BANACH, LLP

10

11

By: *s/ Steven W. Sanchez*
    James R. Lance

12
    jlance@noonanlance.com
    Steven W. Sanchez

13
    steven@stevensanchezlaw.com
    Genevieve M. Ruch

14
    gruch@noonanlance.com

15
    Attorneys for Defendant NATIONAL

16
    STRENGTH AND CONDITIONING
    ASSOCIATION

17

18

## **ATTESTATION**

19

      Pursuant to Central District of California Civil Local Rule 5-4.3.4(a)(2)(i), I

20

hereby attest that all other signatories listed above, and on whose behalf the filing is

21

submitted, concur in the filing's content and have authorized the filing.

22

Dated:     January 14, 2020          */s/Wynter L. Deagle*

23

24

25

26

27

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

41052295v1

1

**[PROOF OF SERVICE FOR CM/ECF FILING]**

2

3

I, the undersigned declare:

4

I am a citizen of the United States and employed in San Diego County, California.  I am over the age of 18 and not a party to the within action; my business address is 11682 El Camino Real, Suite 400, San Diego, CA  92130-2092.

5

6

I hereby certify that on January 14, 2020, I electronically filed the attached document:

7

8

JOINT STATUS REPORT

9

with the Clerk of the court using the CM/ECF system, which will then send a notification of such filing to the following registered participants identified on the Service List attached.

10

11

12

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

13

14

Executed on January 14, 2020, at San Diego, California.

15

16

*s/ Wynter Deagle*

17

18

19

20

21

22

23

24

25

26

27

28

3:14-CV-01191-JLS-KSC

41052295v1

# SERVICE LIST

Case 3:14-cv-01191-JLS-KSC

*Crossfit, Inc. v. National Strength and Conditioning Association*
Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

| | |
|---|---|
| Micaela P.S. Banach | mbanach@noonanlance.com; bcrena@noonanlance.com |
| Ethan Thomas Boyer | eboyer@noonanlance.com; lallison@noonanlance.com |
| Stephanie Lee Cobau | stephanie.cobau@troutman.com; jennifer.wolber@troutman.com; jhony.ospina@troutman.com; litigationdocketrequests@troutman.com |
| Wynter L. Deagle | wynter.deagle@troutman.com; Litigationdocket@troutmansanders.com; Jhony.Ospina@troutman.com; jennifer.wolber@troutman.com |
| Alison Ann Grounds | alison.grounds@troutman.com |
| David F. Kowalski | david.kowalski@lw.com; david-kowalski-9151@ecf.pacerpro.com; alison.montera@lw.com |
| James R Lance | jlance@noonanlance.com; bcrena@noonanlance.com |
| Justin S. Nahama | Justin.Nahama@troutmansanders.com; Jennifer.Wolber@troutmansanders.com; LitigationDocketRequests@troutmansanders.com; Jhony.Ospina@troutmansanders.com |
| William O. Reckler | william.reckler@lw.com; william-reckler-5795@ecf.pacerpro.com; jessica-bengels-2198@ecf.pacerpro.com |
| Genevieve Marie Ruch | gruch@noonanlance.com; bcrena@noonanlance.com; lstandefer@noonanlance.com |
| Steven Warde Sanchez | steven@stevensanchezlaw.com; christina@stevensanchezlaw.com |
| Daniel Scott Schecter | daniel.schecter@lw.com |
| Paul A. Serritella | paul.serritella@lw.com; rachel.kohn@lw.com; jessica.bengels@lw.com |

<div style="writing-mode: vertical-rl">TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092</div>

41052295v1